BROOKS, et al. *v.* CITY OF JACKSON, et al.

Division B. Mar. 26, 1951.

No. 37821 (51 So. (2d) 274)

Morse, Billups & Morse, for appellants.

248

**E. W. Stennett** and **W. T. Neely**, for appellee, City of Jackson.

**Robertson & Robertson**, for Central Presbyterian Church and Deacons of Central Presbyterian Church.

**Holmes, C.**

This is a suit for injunctive relief and damages brought by the appellants against the appellees in the Chancery Court of the First Judicial District of Hinds County.

The original bill alleges substantially the following: That the appellants, Charles D. Brooks and N. H. Brooks, are the owners of the North half of Lot 5, Block A, Virden Heights, and that the appellants, Hubert Hart and Mrs. Ruby Mae Hart, are the owners of part of Lots 2 and 3, Block A, Virden Heights, and that the appellee, Central Presbyterian Church, is the owner of Lot 1, Block A, of Virden Heights; that all of Block A of Virden Heights has been classified as residential property under the zoning map of the City of Jackson, and was so classified when the appellants purchased their property on which their homes are located; that in May, 1948, the appellee, Central Presbyterian Church, applied to the City of Jackson to rezone its property as commercial property and that in response to such application, the city council adopted an order directing the giving of notice of a hearing to be held on said application and that said notice was published in the Clarion Ledger in its issues of May 24 and June 7, 1948; that on June 14, 1948, an ordinance was passed by the City of Jackson rezoning said Lot 1, Block A, Virden Heights, belonging to appellee, Central Presbyterian Church, so as to re-

classify the same as commercial property; that the effort of the appellee, City of Jackson, to rezone the said property of the Central Presbyterian Church, as commercial property, was an effort at spot zoning and that it did not form a comprehensive plan of zoning, and that the notice of hearing attempted to be given by the city council of the City of Jackson was insufficient in law, and that the entire proceedings by which it was undertaken to rezone the said property of the Central Presbyterian Church were void, and that the effort of the City of Jackson to enforce the said zoning ordinance was an attempt to deprive the appellants of their property without due process of law. The bill further alleged that the appellee, Central Presbyterian Church, was attempting to sell its said property as commercial property and further averred ''that the residence of N. H. Brooks et al. is within 5 feet of the property line and the eaves of the house would be within 1½ feet of the wall of a building, if a commercial building should be put on the property line.'' The original bill prayed ''that on final hearing herein, the court will enjoin and restrain Central Presbyterian Church, from building on said property as commercial property, or from selling or disposing of said property as commercial property; that the court will decree the ordinance attempted to be passed by the City of Jackson null and void, and that the court will restrain and enjoin the City of Jackson from showing on its zoning map that said property is commercial property.'' The bill further prayed in the alternative ''that on account of the City of Jackson illegally and unlawfully passing said ordinance that they have damaged the complainants, Charles D. Brooks and N. H. Brooks' property in the sum of $6500.00, and have damaged the property of Hubert Hart and Mrs. Ruby Mae Hart in the sum of $4,000.00.'' The bill further prayed for general relief. There was exhibited to the original bill a copy of the order of the City Council of the City of Jackson, direct-

ing the giving of notice of the public hearing, a copy of the notice, a copy of the zoning ordinance complained of, and a copy of the municipal zoning map of the City of Jackson. It appears from the municipal zoning map that the residential property of the appellants, Charles D. Brooks and N. H. Brooks, adjoins the Central Presbyterian Church property on the South and that the residential property of the appellants, Hubert Hart and Mrs. Ruby Mae Hart, is located on the West side of the Central Presbyterian Church property, and across a twenty-foot alleyway.

The appellee, City of Jackson, demurred to the original bill, assigning as cause therefor that no equity appeared on the face of the bill, and the appellees, Central Presbyterian Church and Deacons of Central Presbyterian Church, demurred to the original bill upon the grounds, first, that the proceedings resulting in the enactment of the zoning ordinance were in all respects in conformity to law and the ordinances of the city, and second, that the bill shows on its face that the administrative remedies available to appellants were not availed of or followed, and third, that the filing of the original bill was premature since the appellees had failed to exhaust the administrative remedies available to them, and fourth, that no equity appeared on the face of the bill.

The trial court sustained the demurrers and the appellees having failed to amend or plead further, a decree was entered dismissing the original bill, and it is from this decree that this appeal is prosecuted.

The appellants assign as error, first, that the original bill states a good cause of action for equity jurisdiction, and second, that the bill on its face shows that the zoning ordinance is void, and third, that the bill on its face shows that the ordinance constituted what is known as spot zoning and is in violation of the Constitution of the State of Mississippi and the Constitution of the United States and is null and void, and fourth, that the

bill and the exhibits thereto show that the notice of the proposed public hearing was insufficient to confer jurisdiction of the parties upon the legislative body of the city, and that, therefore, the ordinance is null and void.

In view of the conclusions which we have reached, we address this opinion only to the question raised as to the validity of the ordinance, since, █ if the ordinance is void and its provisions are about to be or are being enforced, and appellants are injuriously affected thereby, either in person or in the use of their property, they are entitled in a court of equity to have the enforcement of the ordinance enjoined. Fitzhugh v. City of Jackson, 132 Miss. 585, 97 So. 190, 33 A. L. R. 279.

Section 3593 of the Mississippi Code of 1942 sets forth the procedure in the adoption of zoning regulations, and provides as follows: ''The legislative body of such municipality shall provide for the manner in which such regulations and restrictions and the boundaries of such districts shall be determined, established, and enforced, and from time to time, amended, supplemented or changed. However, no such regulation, restriction or boundary shall become effective until after a public hearing, in relation thereto, at which parties in interest, and citizens, shall have an opportunity to be heard. At least fifteen days' notice of the time and place of such hearing shall be published in an official paper, or a paper of general circulation, in such municipality.''

Section 3594 of the Mississippi Code of 1942, authorizing changes in zoning regulations makes applicable to such changes the provisions of said Section 3593 relative to public hearings and the notice thereof.

The published notice of the public hearing as exhibited to the original bill is as follows:

''Notice

''By virtue of and pursuant to the authority and direction of an order this date entered by the City Council, notice is hereby given to all persons interested in or

affected in any wise thereby, that Central Presbyterian Church et al have filed with the City Clerk a request to rezone and change Lot 1, Block A, Virden Heights, from Residential to Commercial uses and purposes as provided by law. Said request will be heard by the City Council at 10 a. m., June 14, 1948, at which time, all parties interested in or affected thereby will be heard both pro and con on said question, after which a decision will be rendered by the City Council. Any objections thereto may be made by any person owning property within 160 feet of said area, exclusive of streets, and if made in writing must be filed with the City Clerk before said time if a hearing thereon or consideration thereof is desired, or any party interested may appear in person or by Counsel on said date.

"Witness My Signature and seal of office, this the 20th day of May, 1948.

"Mrs. J. R. Skinner
City Clerk"

(Seal)

■ ■ It is at once obvious from a reading of this notice that it is not only not a substantial compliance with the statute, but that it wholly fails in essential particulars to comply therewith. It is not shown on the face of the notice whether the city council mentioned therein is the City Council of the City of Jackson, or some other municipality, or whether the city clerk signing the notice is the city clerk of the City of Jackson or some other municipality, or whether the city clerk signing the the notice is the total absence therefrom of any statement of the *place* of hearing. The notice is wholly silent as to the name of the municipality in which the hearing is to be held, and as to the place in such municipality where the hearing is to be held, whether in the city hall or elsewhere. Sections 3593 and 3594 of the Mississippi Code of 1942 make the holding of a public hearing a condition precedent to the enactment of zoning regulations, and a lawful public hearing presupposes the giving of the req-

uisite notice. The giving of such notice therefor is indispensable to confer upon the municipal legislative body jurisdiction of the parties in interest. We are, therefore, of the opinion that the said notice was fatally defective in failing to meet essential statutory requirements and it follows, of course, that the ordinance attempted to be adopted was void.

The only remaining question is whether or not appellants are injuriously affected by the attempted enforcement of the ordinance. Under the express provisions of the ordinance, the city engineer is directed to note on the municipal zoning map the property of the Central Presbyterian Church as commercial property. If so classified, it means that this property, adjoining or in close proximity to the residential property of appellants, may be used for commercial purposes, and thus injuriously affect the value of the property of appellants for residential use, or injuriously affect appellants in the use and enjoyment of their property for residential purposes. We think that the allegations of the bill, which the demurrers admit to be true, are sufficient to entitle the appellants to injunctive relief against the City of Jackson, enjoining the city from classifying on its municipal zoning map the property of the Central Presbyterian Church as commercial property.

It is also contended by appellants that they are entitled under the allegations of the original bill to an injunction enjoining the appellees, Central Presbyterian Church and the Deacons of the Central Presbyterian Church, from selling their property for commercial use. Appellees argue, however, that it is only alleged in the bill that the Central Presbyterian Church is *attempting* to sell its property for commercial use, and that this is insufficient to show an impending injury to appellants, since it is not shown that there is reasonable probability that such attempt will prove successful or that there is an available purchaser to whom the property may be so sold. It is true, of course, that courts of equity do not interfere

to accommodate mere apprehensions of injury, and it is only where the injury is substantial and there is reasonable probability that it will occur that the remedy by injunction is available. It is likewise true, however, that the remedy by injunction is preventive in its nature, and that it is not necessary to wait for the actual occurrence of the injury, since, if this were required, the purpose for which the relief is sought would, in most cases, be defeated. 43 C. J. S., Injunctions, Sec. 21, p. 436. The allegation that the Central Presbyterian Church is attempting to sell its said property for commercial use implies a present intention to so sell it, which intention may, at any time, be translated into action, and thus it constitutes an impending threat of injury to appellants in the use and enjoyment of their property. We think, therefore, that the allegations of the bill are sufficient to entitle the appellants to injunctive relief against the Central Presbyterian Church and the Deacons of the Central Presbyterian Church, enjoining them from selling their said property for commercial use.

It follows from the foregoing views that the chancellor was in error in sustaining the demurrers and dismissing the original bill. The decree of the court below is, therefore, reversed and the cause remanded.

Reversed and remanded.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated, the decree of the court is reversed and the cause remanded.