TALBOTT, et al. *v.* PERKINS, et al.

No. 39577 September 26, 1955 82 So. 2d 570

*O. L. McLeod,* Pascagoula, for appellants, E. A. Talbott and Laura A. Talbott.

*Robert H. Oswald,* Pascagoula, for appellant, Karl Wiesenburg.

*H. W. Gautier,* Pascagoula, for appellees.

McGEHEE, C. J.

In this case we have two separate appeals from an interlocutory decree overruling the motions of the appellants.E. A. Talbott and wife Laura E. Talbott and of Karl Wiesenburg, their attorney, to dissolve a preliminary prohibitive injunction issued against each of them by the Chancery Court of Jackson County, and which

preliminary injunctions were issued after notice and service of a copy of the bill of complaint on each of them as filed by the appellees R. E. Perkins, R. H. Ware and Johnson Ware, doing business as the Fail Funeral Home.

At the time fixed by the notice for the hearing as to whether or not the preliminary injunctions should be granted, it appears that the bill of complaint was read to the chancellor by the attorney for appellees and a statement made of his reasons for seeking the issuance of the writs, followed by statement of the appellant Karl Wiesenburg of his reasons why the preliminary injunctions should not be issued; and that after the chancellor had announced that on the basis of such hearing he had concluded that the preliminary injunction should be issued against the defendants E. A. Talbott and wife but that in view of the fact that the defendant Wiesenburg was an officer of the court and had stated on the hearing that he had no interest in the property involved in the controversy and that he had acted only in the capacity of an attorney for the Talbotts in their purchase of the same, the preliminary injunction should not be issued as to him. According the the statement of the chancellor in the record, the defendant Wiesenburg stated that if the injunction was to be issued against his clients then he wanted it also issued against him, since he didn't want to be shown any special consideration on account of being an officer of the court; and the preliminary injunctions were therefore accordingly issued.

 It further appears that thereupon the defendants asked to be allowed to offer testimony, pursuant to the notice that had been given them in order that they may be heard in the matter of whether or not the preliminary injunctions should be issued; and that as to the issuance of the writ against the defendant Wiesenburg, he had only consented, according to his recollection of what had occurred, for the same to be issued if an injunction was to be issued without the hearing of the testimony proposed to be offered. The chancellor did not so recol-

lect that the attorney Wiesenburg had consented to the issuance of the injunction on the condition stated, but that the attorney had requested its issuance against him if the chancellor was going to order it issued as against his clients, the Talbotts. It is well settled in our jurisprudence that when that which is said between trial judge and an attorney in a case is not taken down by a court reporter at the time it is being said, this court must of necessity adopt the version of the trial judge as to what transpired.

Moreover, after the preliminary writs of injunction against each of the defendants had thereupon been issued, there were motions filed by each of the defendants to dissolve the injunctions issued and served on them, and after the required five days notice had been had on the motion to dissolve, there was a hearing which lasted for a period of six days after which the motions to dissolve were overruled, the injunctions retained for a full and final hearing on the merits, and interlocutory appeals were granted to this court without supersedeas.

Therefore, the precise question presented to us for decision is whether or not the preliminary injunctions thus issued should have been dissolved at the conclusion of the six day hearing on the motions to dissolve or whether the same should have been retained pending this appeal and the final hearing after remand in the event this Court should be of the opinion that the writs were properly issued.

 It is contended by the appellants that the trial court was in error in refusing to hear testimony after he had announced his conclusions that the preliminary injunctions against the Talbotts should be issued and should be denied as against the defendant Wiesenburg in view of the fact that he was an officer of the court and had stated that he had no interest in the property involved or in the controversy between the complainants and the defendants except as an attorney for his co-defendants. But we are of the opinion that if the court was in error

in that regard, the error was cured when the court heard testimony on issues involved for a period of six days on the motions to dissolve the injunctions.

The facts disclosed at the hearing on the motions to dissolve, as found by the chancellor in his decree thereon, were necessarily that the complainants R. E. Perkins and others had sold to the Mississippi State Highway Commission a part of a tract or parcel of land owned by them in the City of Pascagoula for a right-of-way for the relocation of U. S. Highway No. 90; that by negotiations between the complainants Perkins and others and the State Highway Commission an offer had been made whereby the latter was to pay the former the sum of $45,000 for all of the tract of land except a triangular portion thereof which was then later sold by the complainants to the Talbotts for the sum of $8,000; that there was a funeral home building about 56 feet in width and from 70 to 80 feet in length located on the entire tract, the larger portion of which was on the portion sold to the State Highway Commission and the smaller portion of which building was located on the triangular portion sold by the complainants to the defendants Talbott; that it was contemplated by the State Highway Commission and by the complainants and the defendants Talbott that this building was to be removed from the entire tract of land, and that this was known by the Talbotts at the time they purchased the remaining triangular portion from the complainants; that after the complainants Perkins and others had acquired a lot from the estate of J. I. Ford, deceased, just across Magnolia Street from the funeral home building, for the purpose of removing the building to said Ford lot, and had obtained permission from the owners of another lot over which the funeral home building was to be moved to the Ford lot, and had cleaned off the two lots across the street with a bulldozer and had placed rollers under the funeral home building to make ready for its removal across the street to the Ford lot, the defendants Talbott caused

their attorney Wiesenburg, who had approved the "title opinion" on the triangular parcel of land which had been sold by the complainants to the said defendants Talbott, to write the complainants on July 7, 1953, the following letter: "E. A. Talbott has asked me to advise you not to attempt to move the Fails Funeral Home Building across his property without first obtaining an easement from him for that purpose, if such is your intention."

The triangular tract of land had been conveyed to E. A. Talbott and his wife, Laura E. Talbott, as joint tenants, by an unconditional warranty deed on June 17, 1953, and at a time when the Talbotts knew, as found by the chancellor, that it was contemplated, not only by the grantors, but also by the grantees and the State Highway Commission, that the funeral home was to be removed from the entire tract of land within sixty days from the 18th day of May, 1953, as shown by the terms of the deed from the complainants for a portion thereof to the Highway Commission and as understood from the other facts and circumstances known to the complainants, Perkins and others, as grantors, and to the defendants Talbott, when the latter purchased the triangular tract from the complainants, Perkins and others, which had not been conveyed by them to the State Highway Commission.

Upon receipt of the letter hereinbefore mentioned, Mr. Perkins contacted Mr. Talbott through the secretary of the defendant Wiesenburg, with the result that he was advised by Talbott that he wanted the sum of $2,000 for the easement referred to in the letter before he would permit the funeral home building to be moved off the premises and over and across this vacant triangular tract of land. Thereupon this suit was filed and the preliminary, prohibitive injunctions were obtained to prevent the defendants from interfering with the removal of the funeral home building by the complainants for the purpose of carrying it across Magnolia Street onto the

Ford lot, which had been purchased as a new location for the building.

The chancellor was warranted in finding from the proof that on account of the funeral home building being wider than Magnolia Street, it would have been necessary to change the rollers under the building and turn the building four or five times along the route in order to get it to the Ford lot, whereas it could have been moved on the rollers already placed thereunder and have been carried eastward and directly across Magnolia Street to the Ford lot; and the cost of removing the building by another route would have been several thousand dollars, and substantially more than by the route proposed by the complainants who had spent a considerable sum for cleaning off the Ford lot and an intervening lot with a bulldozer; and that the complainants had already entered into an agreement with the contractor to remove the building at a cost of more than $10,000 by the most direct route. The chancellor found that the removal of the building across the vacant lot, which had been sold by the complainants to the defendants Talbott, would cause no material damages to this vacant lot, and the chancellor necessarily knew that the time for removing the said building would expire at the end of eleven days from the date of the filing of this suit, under the terms of the deed to the State Highway Commission, even though it thereafter developed that the complainants were able to obtain an extension of the time after the suit had been filed.

■■ We are of the opinion that the complainants had the right to remove the funeral home building to the Ford lot, and that the chancellor was warranted in believing that the most practical and less expensive route for the removal of the building to the Ford lot was eastward over the triangular tract and across Magnolia Street; and that under the decision of this Court in the recent case of Brooks, et al v. City of Jackson, et al, 211 Miss. 246, 51 So. 2d 274, and under the principles an-

nounced in Section 456, Griffith's Miss. Chancery Practice, 2d Ed., as to the considerations which should govern a chancellor on the question of whether a temporary injunction should be retained until final hearing or dissolved on motion in advance of the final hearing, the chancellor was justified in overruling the motions to dissolve the temporary injunctions and retain them in full force and effect pending the outcome of this appeal and a final hearing of the case.

It is to be conceded that under the chancellor's version of the facts he would have been justified in retaining the injunction only as to the defendants Talbott, except for the further fact, as found by him, that the co-defendant Wiesenburg virtually consented to the injunction being issued against him when he stated to the chancellor in substance that "If you are going to issue the writ against the Talbotts, I want you to issue one against me too; I don't want to be shown any special favors or consideration on account of being an officer of the court."

It should be said in justice to the appellant Wiesenburg that the proof failed to sustain the allegations of the bill of complaint as to the wrongful conduct with which he was charged therein. It seemed that because this attorney had been able to induce the State Highway Commission to pay to the appellee Perkins $2,500 more than it had theretofore offered to pay for the right-of-way in the negotiations between Perkins and the Highway Department, and that because Wiesenburg was paid approximately $900 of this additional $2,500 consideration, the complainant Perkins erroneously concluded that the defendant Wiesenburg was also going to divide with his client the $2,000 which the defendant Talbott sought to collect from Perkins for the easement across the vacant triangular tract of land in the removal of the funeral home building off of that tract and off the portion sold to the State Highway Commission, whereas the proof shows, without dispute, that the defendant Wiesenburg owned no interest in this property, had not contracted

for any interest therein or in the $2,000 demanded for the easement, but that he received only a very reasonable fee of $25 for approving the title opinion in connection with the sale from the complainants to the defendants Talbott, and for approving the warranty deed.

██ ██ It developed that the allegations of the bill of complaint in regard to the alleged wrongful conduct of this attorney in connection with the transaction were not justified and were not sustained by the proof at the hearing. The chancellor in effect so found and would not have granted an injunction against the attorney except for what transpired at the hearing as to whether or not the writ should be issued when he stated, according to the version of the chancellor, that if the writ was to be issued against the Talbotts (and the issuance of which against them was in our opinion fully justified), he wanted it issued against him, too. This appellant is in no position to now complain that the injunction was against him. The rule in this regard is announced in 5 C. J. S., Section 1501 page 173. ██ ██ Moreover, the only ground on which the chancellor would have been justified in dissolving the injunction was for him to have been of the opinion at the hearing on the motion to dissolve that the same had been wrongfully issued in the first instance. He was not required to so find under the facts and circumstances hereinbefore mentioned. If dissolved, the result would be that the defendant Wiesenburg would be entitled to recover damages and an attorney's fee against the complainants on the ground of its alleged wrongful issuance. We are of the opinion that the decree of the trial court in overruling the motions to dissolve the injunctions should be affirmed and the cause remanded.

Affirmed and remanded.

*Hall, Lee, Kyle* and *Holmes, JJ.,* concur.