BROWN *v.* THOMAS

No. 40445        March 4, 1957        92 So. 2d 878

*W. M. Broome,* Crystal Springs; *Jas. H. Adams,* Raymond, for appellant.

*Hugh B. Gillespie,* Raymond; *Henley, Jones & Woodliff,* Jackson, for appellee.

GILLESPIE, J.

## ON MOTION TO STRIKE TRANSCRIPT OF TESTIMONY

This case was tried in the circuit court and the jury returned a verdict for defendant. Final judgment for defendant was entered on June 21, 1956, and on the same day the term of court was finally adjourned. Immediately before the order of adjournment, this order appears on the minutes of the lower court: "All pending motions and appeals be and the same are hereby continued for hearing and decision in vacation, also any motion, if filed, in the above numbered case 3481." Case number 3481 is the lower court number for the present case.

On June 27, 1956, after court had finally adjourned on June 21, 1956, appellant filed a motion for a new trial. On July 27, 1956, an order was entered overruling the motion for a new trial, the order reciting that the court had received and studied briefs for both parties. On July 27, 1956, appellant gave notice to the stenographer to transcribe his notes.

Appellee moves this Court to strike the transcript of the testimony on the ground that the appellant did not give notice to the stenographer to transcribe his notes within ten days from the adjournment of court as required by Section 1640, Code of 1942. Appellee says that the notice should have been given within ten days of the adjournment of the court and contends that the filing of a motion for a new trial after adjournment of court and the order overruling the same were of no effect.

Appellee's moton must be sustained. We held in National Casualty Company, et al v. Calhoun, 219 Miss. 9, 67 So. 2d 908, that when a final judgment is entered and the court adjourns the term, the right to file a motion for a new trial ends, and any action of the trial judge in reference to such motion, which was filed after the adjournment of the term, is of no effect, and is not properly a part of the record. In the Calhoun case, the court, prior to adjournment, entered on its minutes the following order: "It is hereby ordered that the above styled case be and it is hereby continued to the next regular term of this court, that is, the January 1951 term, for such action as the parties hereto or the court may take." In the Calhoun case, as in the present case, there was nothing wrong with the order of continuance. The trouble in both instances was that there was no motion on file at the time of adjournment and there was nothing to continue.

There is no merit in the argument of appellant that by participating in the hearing on motion for a new trial appellee should not now be heard to say that the motion was not timely filed. The matter goes further than the action of the parties. The court had lost jurisdiction of the case and the parties could not confer jurisdiction on the court to hear and consider the motion for a new trial either by waiver or express consent.

■■ The notice to the stenographer not having been given until more than two months after the adjournment of court, the motion to strike should be and is sustained.

Motion to strike transcript of testimony sustained.

*McGehee, C. J.,* and *Hall, Kyle* and *Holmes, JJ.,* concur.