**PYRAMID CORP. a Tennessee corporation, Plaintiff,**

v.

**DeSOTO COUNTY BOARD OF SUPERVISORS et al., Defendants.**

**No. DC 72–16–S.**

United States District Court,
N. D. Mississippi,
Delta Division.

Nov. 6, 1973.

Ben D. Gilliland, Jr., Harold G. Walter, Gilliland & Walter, Memphis, Tenn., for plaintiff.

William W. Ballard, Hernando, Miss., Joel P. Walker of Walker, Franks, Rone & Bridgforth, Hernando, Miss., W. E. Wilroy, Wilroy, Hagan & Lee, Hernando, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The Pyramid Corporation (Pyramid), plaintiff, brought this action against the DeSoto County, Mississippi Board of Supervisors (Board) and the individual members of the Board. Pyramid seeks damages for a reduction of property value resulting from the enforcement or attempted enforcement of an alleged unlawful zoning regulation, or, in the alternative, a permanent mandatory injunction restoring a prior zoning regulation for certain property owned by Pyramid.

The action has been submitted to the court without a jury upon stipulations

of fact and briefs of the parties. Pursuant to the provisions of Rule 52, F.R. Civ.P., the court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Plaintiff is a corporation organized and existing under the laws of Tennessee, and is a citizen of that state. The defendant Board is the local governing body of DeSoto County, Mississippi and has the authority to promulgate zoning ordinances regulating the use of the property which is the subject of this action. The individual defendants, Darby, W. Scott, Wallace, L. Scott, and Renfro constitute the current membership of the Board. All defendants are residents of Mississippi.

2. The court will take judicial notice that DeSoto County, Mississippi is located immediately south of Memphis, Tennessee. Until recent years, the county was almost wholly rural. However, the City of Memphis experienced substantial growth and urbanization during the preceding decade. The Memphis metropolitan area is rapidly spilling over into DeSoto County. As a result, the county is becoming increasingly urban in character.

3. In 1958 the Board adopted a comprehensive plan, including zoning ordinances, to regulate future growth and development in the county. Due to the rapid urban spread, the 1958 comprehensive plan was outmoded less than ten years after adoption. In 1969 the Board adopted a new comprehensive plan which required extensive rezoning.

4. Between 1958 and 1960, Pyramid acquired certain land in DeSoto County. The tract was subsequently subdivided into a number of lots. Lots 1 thru 4 were zoned commercial. The remainder were zoned agricultural although they have been used exclusively for residential purposes.

Lots 1 thru 3 are still owned by Pyramid and are the subject of this litigation. Lot 4 was conveyed to an individual and is presently being used for commercial purposes.

5. On March 7, 1969 the Board caused to be published a public notice in the *DeSoto County News*. In part, the notice advised: "[t]he DeSoto County Board of Supervisors will have a special public hearing at 7:30 on Thursday night, March 20, in the courtroom prior to their adoption of the proposed plan for the development of DeSoto County. . . . Persons can be heard in regard to the above as well as the adoption by the Board of new zoning and subdivision regulations and zoning map that includes all of the county. . . ." The proof does not show that any other public notice was given. On March 20, 1969 the Board held the public hearing as announced. Pyramid or its representative did not appear.

6. On April 9, 1969 the Board adopted the new comprehensive plan and new zoning ordinances. Lots 1 thru 3, the property owned by Pyramid, were rezoned from "commercial" to "agricultural".

7. On January 24, 1972, nearly three years after adoption of the new zoning ordinance, Pyramid requested the Board in writing to restore the designation of "commercial" to the property. The Board refused, but requested that Pyramid file an application for rezoning. Pyramid declined to apply and subsequently instituted this action.

## CONCLUSIONS OF LAW

1. Federal jurisdiction exists by reason of diversity of citizenship of the parties and the requisite amount in controversy. Independent self-governing entities such as counties are considered citizens for the purposes of diversity. American Hospital Supply Corp. v. York County Institution District, 123 F.Supp. 187 (M.D.Pa.1964). Constitutional immunity from suit runs only to the states themselves and not to political subdivisions. Southern Bridge Co. v. Dept. of Highways, State of La., 319 F.Supp. 948 (E.D.La.1970).

2. The substantive law of Mississippi governs the rights of the parties.

**1302**

3. A political subdivision in Mississippi may amend, supplement, or modify its zoning regulations pursuant to a legislative grant of authority. See, §§ 17–1–15, 17 Miss.Code Ann. 1972. Before zoning regulations can be altered, the governing body must conduct a public hearing. The public must be given at least 15 days notice of the purpose, time, and place of the hearing. These features are critical. The "holding of a public hearing (is) a condition precedent to the enactment of zoning regulations, and a lawful public hearing presupposes the giving of the requisite notice." Brooks v. City of Jackson, 211 Miss. 246, 51 So.2d 274 (1951).

4. As noted above, the Board published a notice of hearing on March 7, 1969, and held the public hearing on March 20, 1969. Even including the date of publication, the number of days elapsed totals only 14. The court holds, therefore, that the notice and hearing were inadequate as a matter of law, and that as applied against plaintiff's property, the 1969 zoning is void for statutory non-compliance.

5. The doctrine of laches is an affirmative defense. Rule 8(c), F.R. Civ.P. The defendants have failed to show by a preponderance of the evidence that it should operate in this action to deprive the plaintiff of its right to attack the validity of the ordinance because of non-compliance with statutory requirements. Compare, Walker v. City of Biloxi, 229 Miss. 890, 92 So.2d 227 (1957).

6. Having found the 1969 zoning affecting plaintiff's property to be void at inception for statutory non-compliance, the court holds, as a matter of law, that plaintiff is not precluded from maintaining this action by its failure to timely appeal the Board's action. See § 11–51–75, Miss.Code Ann. 1972.

7. Having found the 1969 zoning affecting plaintiff's property to be void at inception for statutory non-compliance, it is unnecessary to judicially review the Board's action in order to determine if it was unreasonable, arbitrary, discriminatory, confiscatory, or an abuse of discretion. Compare, Holcomb v. City of Clarksdale, 217 Miss. 892, 65 So.2d 281 (1953); Ballard v. Smith, 234 Miss. 531, 107 So.2d 580, 75 A.L.R.2d 152 (1958); Ridgewood Land Co. v. Simmons, 243 Miss. 236, 137 So.2d 532 (1962).

8. An injunction directed to a political subdivision is a proper remedy to prevent enforcement of a void zoning ordinance. Brooks v. City of Jackson, *supra.* The plaintiff waived its claim for damages on oral argument.

An appropriate order will be entered permanently enjoining the defendants from enforcing the 1969 zoning ordinance as it applies to plaintiff's property, and taxing costs to the defendants.