323 So.2d 92 (1975)
MISSISSIPPI STATE HIGHWAY COMMISSION
v.
FIRST METHODIST CHURCH OF BILOXI, MISSISSIPPI, INC.
No. 48764.
Supreme Court of Mississippi.
July 7, 1975.
*93 Gillespie & Lenoir, Gulfport, for appellant.
L.C. Corban, Jr., Louis Hengen, Daniel D. Guice, Biloxi, for appellee.

ON MOTION
INZER, Justice.
Mississippi State Highway Commission has filed a motion to docket and dismiss the appeal of the First Methodist Church of Biloxi, Mississippi, Inc. from a judgment of a Special Court of Eminent Domain convened during the regular term of the County Court of Harrison County. The highway commission contends that the church failed to perfect its appeal within forty-five days from the date of the judgment in the Special Court of Eminent Domain and therefore, this appeal should be dismissed.
The application for the establishment of the Special Court of Eminent Domain was filed on January 29, 1974. On April 10, 1974, the application was amended to join proper parties. A fiat was later issued setting the matter for trial on October 28, 1974, but the matter was not heard on that date. No order was entered resetting the case, but by consent of the parties it was continued on two occasions. The final trial date agreed to by the parties was December 9, 1974, which was the first day of the December 1974 term of the county court. No regular jurors are drawn for the first week of the December term of the county court. On November 25 a venire of special jurors was drawn to serve during the first week in December 1974. At the same time a venire of regular jurors was drawn to serve for the second week of the term. The parties appeared, a trial was had, the jury returned its verdict on December 11, 1974, and it was filed on that date. The final judgment of the eminent domain court was entered on December 12, 1974. No motion for a new trial was filed prior to the date of this judgment and no order was entered allowing time within which to file a motion for a new trial. Appellant did file a motion for a new trial on December 20, 1974. The motion for a new trial was argued on January 10, 1975, during the regular December term of the *94 county court, and an order was entered taking the matter under advisement for a decision at a later date. On February 7, 1975, an order was entered overruling the motion for a new trial. On February 13, 1975, counsel for the church gave notice to the court reporter to transcribe the notes. On February 17, 1975, the appeal bond was filed and approved by the clerk.
It is the contention of the highway commission that the jurisdiction of the special court of eminent domain ended when the final judgment was entered on December 12, 1974. Since no motion for a new trial was filed and no order was entered allowing additional time to file a motion for a new trial prior to the final judgment, the court had no jurisdiction to consider the motion for a new trial. Consequently, it is argued that the filing of the motion for a new trial did not toll the time for giving notice to the court reporter or the time within which to file its appeal bond. Since the appeal bond was not filed until 64 days from the date of the judgment of the special court of eminent domain, the commission contends that this appeal should be docketed and dismissed.
In response appellant contends that this matter was heard during the regular term of the county court and since there was no order adjourning the special court of eminent domain or adjourning the county court until well after its motion for a new trial was filed, the motion was timely filed and tolled the running of the statute until the motion was finally ruled upon by the court. The church also contends that the commission is estopped from raising this point in this Court for the reason that it failed to raise any objection to the trial court hearing the motion for a new trial, but in fact, appeared and argued the motion on its merits, never making any contention that the motion was not timely filed.
The procedure for trying eminent domain cases was changed by the enactment of Chapter 520, General Laws of Mississippi (1971), now appearing as Section 11-27-1 et seq., Mississippi Code 1972 Annotated. Section 11-27-3 reads as follows:
A special court of eminent domain is hereby created, to consist of a judge, jury, and such other officers and personnel as hereinafter set out, and it shall have and exercise the jurisdiction and powers hereinafter enumerated. The original powers and jurisdiction shall be and is hereby fixed in the county court in each county that has elected to come under the provisions of section 9-9-1 Mississippi Code of 1972, or that may hereafter come under the provisions of said section 9-9-1, and in every other county of this state, the original powers and jurisdiction shall be and is hereby fixed in the circuit court of such county, which said powers and jurisdiction may be exercised in full either in termtime or vacation, or both.
In Mississippi State Highway Commission v. Taylor, 293 So.2d 9 (Miss. 1974), we held that when a special court of eminent domain is convened in vacation that a motion for new trial or bill of exceptions must be filed before the court adjourns unless the time is extended by an order entered before the final judgment. We also held that the entry of the judgment in the case that the court was convened to try constitutes adjournment of the court without any formal order adjourning the special court of eminent domain. We followed this holding in Mississippi State Highway Commission v. Gresham, Miss., 323 So.2d 100, decided February 24, 1975, not yet officially reported. Consequently, when a final judgment is entered in a special court of eminent domain convened in vacation, the court is adjourned and the court does not have jurisdiction to hear and determine a motion for a new trial filed after that time and the filing of such motion does not toll the time within which to perfect an appeal.
The question here is does the same rule apply where the special court of *95 eminent domain is convened during a regular term of the circuit or county court. We hold that it does. It is still a special court and the fact that it is convened during the time set for the holding of a regular term is purely coincidental. When, as here, it has only one case to try and it is tried and the final judgment is entered, the term of the special court has ended and the court no longer has jurisdiction to hear and determine a motion for a new trial filed after the date of the judgment. Counsel for appellant points out that the language used in Taylor, supra, indicates a different rule would apply where the court was convened in termtime. While we can see how appellant might be misled by this language, whatever was said in this regard was purely dictum. The only thing actually decided in Taylor was the rule relative to a special court of eminent domain convened in vacation. However, if an eminent domain court is a special court, which it is, then when it is convened and concludes the matter or matters for which it was convened and a final judgment is entered, it automatically goes out of existence and no longer has jurisdiction to hear and determine any matters filed thereafter, unless an order has been entered on its minutes granting additional time within which to file such matters. This being the rule, it follows that the rule is the same whether the court is convened in vacation or during a regular term of the circuit court or county court.
The next question is whether the commission is estopped by its failure to point out to the trial court that the motion for a new trial was not timely filed and appearing and resisting the motion. We find no merit in this contention. This same contention was made in Brown v. Thomas, 230 Miss. 308, 92 So.2d 878 (1957), and in answer thereto we said:
There is no merit in the argument of appellant that by participating in the hearing on motion for a new trial appellee should not now be heard to say that the motion was not timely filed. The matter goes further than the action of the parties. The court had lost jurisdiction of the case and the parties could not confer jurisdiction on the court to hear and consider the motion for a new trial either by waiver or express consent.
(230 Miss. at 310, 92 So.2d at 879).
We follow the rule that the time for perfecting appeals to this Court is jurisdictional. This being the rule it follows that neither this Court nor the trial court can extend the time for perfecting appeals. The burden is upon the parties desiring appeal to perfect the appeal within the time allowed by statute and if it is not so perfected, it is the duty of this Court to dismiss the appeal either on its own motion or on motion of the appellee.
For the reasons stated, we are constrained to hold that the motion to dismiss the appeal should be and is sustained.
Motion to dismiss appeal sustained.
All Justices concur, except, GILLESPIE, C.J., who took no part.