# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2018-IA-01079-SCT

*TIPPAH COUNTY, MISSISSIPPI*

*v.*

*FRANK JOSEPH LEROSE AND TAMMY ANN LEROSE*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/05/2018 |
| TRIAL JUDGE: | HON. JOHN ANDREW GREGORY |
| TRIAL COURT ATTORNEYS: | DANIEL JUDSON GRIFFITH |
| | WENDELL H. TRAPP, JR. |
| | B. SEAN AKINS |
| | MARY McKAY GRIFFITH |
| COURT FROM WHICH APPEALED: | TIPPAH COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | DANIEL JUDSON GRIFFITH |
| | B. SEAN AKINS |
| ATTORNEY FOR APPELLEES: | WENDELL H. TRAPP, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED AND REMANDED - 10/03/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., BEAM AND ISHEE, JJ.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1.     The Tippah County Board of Supervisors abandoned a public road, then rescinded its decision a year and a half later without giving notice to the owners of the land on which the road was located.  We conclude that doing so violated the landowners' due-process rights, so we affirm the circuit court's order voiding the recision order.

## FACTS

¶2. County Road 701A ran through the LeRoses' property in Tippah County; they owned the land on both sides of the road. On January 15, 2015, the Tippah County Board of Supervisors entered an order scheduling a public hearing for February 27, 2015, to address abandoning CR 701A. Notice of the public hearing was published in a newspaper that circulates through Tippah County on February 4 and February 11, 2015. On February 27, 2015, the Board held the public hearing and entered an order to abandon CR 701A. The minutes of this meeting were approved on March 16, 2015. The Board's February 2015 Order abandoning CR 701A was not appealed.

¶3. On August 15, 2016, the Board reconsidered the abandonment of CR 701A and entered an order rescinding its prior order abandoning the road. Without elaborating, the Board found the abandonment had been "illegal due to lack of proper due process to the proper landowners," and it declared the February 2015 order void.

¶4. The LeRoses sued Tippah County on July 6, 2017, seeking a declaratory judgment that the August 2016 recision was void and asserting that they were entitled to damages for the Board's unconstitutional taking of their property without compensation. The Circuit Court of Tippah County ultimately granted partial summary judgment to the LeRoses, holding that the Board's recision of the abandonment of CR 701A was void and that Tippah County's interest in the LeRoses' property had terminated when the February 2015 order became effective.

¶5. This Court granted Tippah County's request for an interlocutory review of the circuit court's decision.

2

**STANDARD OF REVIEW**

¶6.     This Court reviews the grant or denial of summary judgment de novo.  *Miss. Dep't of Revenue v. AT & T Corp.*, 202 So. 3d 1207, 1213 (Miss. 2016).  Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  M.R.C.P. 56(c).

**DISCUSSION**

**1.     Direct Appeal from the Board's 2016 Order Rescinding the Abandonment**

¶7.     Tippah County's principal argument on appeal is that the LeRoses were required to appeal the Board's order rescinding the abandonment of the road on the LeRoses' property. It is uncontested that the LeRoses did not appeal that decision within ten days, as required by statute.  *See* Miss. Code Ann. § 11-51-75 (Supp. 2018).  It is also uncontested that the LeRoses were not served with process and did not receive any individualized notice of the hearing, nor was notice of the hearing published in a local newspaper like it would have been in a proceeding to abandon a public road.  *See* Miss. Code Ann. § 65-7-121(2) (Rev. 2012). Tippah County maintains that the question of rescinding the 2015 abandonment of CR 701A was taken up during a regular meeting of the board of supervisors and that the general public, including the LeRoses, was on constructive notice of all such meetings.

¶8.     It is true that no statute explicitly requires notice of a hearing to reconsider a prior decision of a board of supervisors.  But this Court has held that

> even in the absence of a statutory provision therefor, notice and hearing may

3

often be necessary to comply with the constitutional requirement [of due process]; but the necessity must depend somewhat on the nature of the right affected by the . . . action, the nature of the power exercised, the existence of factors other than the requisite of a hearing which operate to safeguard the rights of individuals and to prevent arbitrary action on the part of officials, and the urgency of public need requiring prompt action without the delay necessitated by notice and hearing.

*Oliphant v. Carthage Bank*, 224 Miss. 386, 411, 80 So. 2d 63, 73 (1955) (quoting 42 Am. Jur. § 135).  *Oliphant* concerned an administrative action, but the same due process standard applies to the actions of local authorities.  In *Daricek Living Trust v. Hancock County ex rel. Board of Supervisors*, 34 So. 3d 587, 597 (Miss. 2010), this Court observed

This Court has stated that "due process is flexible and calls for such procedural protections as the particular situation demands." *Miss. Bd. of Veterinary Med. v. Geotes*, 770 So. 2d 940, 943 (Miss. 2000) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S. Ct. 2593, 2600, 33 L. Ed. 2d 484 (1972)).  "'The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.'  Due process therefore requires that a defendant be given adequate notice." *Vincent v. Griffin*, 872 So. 2d 676, 678 (Miss. 2004) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 902, 47 L. Ed. 2d 18 (1976)) (citing *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798–99, 107 S. Ct. 2124, 2133, 95 L. Ed. 2d 740 (1987)).

In the context of a tax sale, the United States Supreme Court has recently held that due process "requires the government to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Jones v. Flowers*, 547 U.S. 220, 226, 126 S. Ct. 1708, 164 L. Ed. 2d 415 (2006) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)).

¶9.     And, notably, this Court has held that a statute giving property owners only two days'

4

notice of condemnation proceedings—even when that notice was by service of process—was constitutionally deficient. *Branaman v. Long Beach Water Mgmt. Dist.*, 730 So. 2d 1146, 1151 (Miss. 1999).

¶10. The abandonment of CR 701A, when it became effective, abrogated the county's easement for the road. *See* Miss. Code Ann. § 65-7-121(4) (Rev. 2012) ("The resolution of the board of supervisors abandoning any section of the county road system will abrogate the easement theretofore owned, held, claimed or used by or on behalf of the general public . . . ."). In *Whitworth v. Mississippi State Highway Commission*, 203 Miss. 94, 107, 33 So. 2d 612, 613 (1948), this Court said that, "[w]hen a highway is abandoned as such, there is a reversion [of the easement to the property owner.]" *See also Picayune Wood Prods. v. Alexander Mfg. Co.*, 480 So. 2d 480, 483-84 (Miss. 1956). Thus, the LeRoses had a vested property right at the time of the reconsideration. The LeRoses also made the uncontested claim that they had "spent money and made commitments" toward their property "that would not have occurred but for" the closing of the road.

¶11. This Court observed in *Oliphant* that notice was required because it would have been required in an analogous proceeding in court: "We do not think that an order or judgment nunc pro tunc could have been legally rendered even by a court of general jurisdiction without notice to the other parties in interest . . . ." *Oliphant*, 80 So. 2d at 69. Likewise, this Court held in *Branaman* that, in the absence of a constitutionally adequate notice provision in the statute, "the Mississippi Rules of Civil Procedure will control the amount of notice that a landowner should be given after a complaint is filed." *Branaman*, 730 So. 2d at 1151.

5

Under the Mississippi Rules of Civil Procedure, the LeRoses would have been necessary parties to a proceeding that reinstated an easement over their property. *See* M.R.C.P. 19(a)(2)(i) (requiring joinder of persons subject to the jurisdiction of the court if they "claim[] an interest relating to the subject of the action and [are] so situated that the disposition of the action in [their] absence may . . . as a practical matter impair or impede [their] ability to protect that interest . . . ."). And they would have been entitled to notice of proceedings to set aside a prior judgment removing an easement over their property. *See* M.R.C.P. 5(a) (requiring service of "every written motion other than one which may be heard ex parte"). Moreover, Mississippi statutes require notice (albeit by publication) and a public hearing of proceedings to abandon a road. Miss. Code Ann. § 65-7-121(2) (Rev. 2012). And they require notice—generally service of process if possible—of a proceeding for eminent domain to take property rights for a road. Miss. Code Ann. § 11-27-7 (Rev. 2004).

¶12. Given these authorities, Tippah County's position that constructive notice was adequate is untenable. Indeed, this Court has held that there is an important qualification to the general rule that the public is on notice of regular board meetings:

> Mississippi Code Annotated section 19-3-11 (1972) prescribes the time and place for meetings of the Board of Supervisors (in counties comprising one judicial district, such as Smith County), that being on the first Monday of each month. The statute furnishes constructive notice to the general public as to all regular meetings of the Board of Supervisors and no other notice is required, *except where specifically required by statute or in unusual circumstances*, in order for the Boards to conduct their business.

*Coast Materials Co. v. Harrison Cty. Dev. Comm'n*, 730 So. 2d 1128, 1134 (Miss. 1998) (emphasis added) (quoting *Tally v. Bd. of Supervisors of Smith Cty.*, 323 So. 2d 547, 548

6

(Miss. 1975)).  There may have been no statute requiring notice to the LeRoses, but today's case presents just the sort of "unusual circumstances" this Court anticipated in *Coast Materials* and *Tally*.

¶13.   It is true that this Court has repeatedly held that the statute permitting appeal from a decision of a county board of supervisors within ten days is "both mandatory and jurisdictional." *Lowndes Cty. v. McClanahan*, 161 So. 3d 1052, 1056 (Miss. 2015) (internal quotation marks omitted) (quoting *Newell v. Jones Cty.*, 731 So. 2d 580, 582 (Miss. 1999)). *See also* Miss. Code Ann. § 11-51-75 (Supp. 2018).  But we have also held that a direct appeal is *not* the exclusive remedy when the complaining parties did not receive notice, if notice was required.  In *City of Jackson v. Jordan*, 202 So. 3d 199, 204 (Miss. 2016), this Court held that "[w]hen notice to appear at a hearing is deficient, the remedy of appeal provided for in Section 11-51-75 is not exclusive."

¶14.   We conclude that constructive notice of the hearing to rescind the abandonment of CR 701A was constitutionally insufficient under the peculiar facts of this case.  Because the LeRoses were not given adequate notice of the hearing, the 2016 order rescinding the abandonment of the public road through their property is void, and direct appeal from that order was not the LeRoses's exclusive remedy.  *See Brooks v. City of Jackson*, 211 Miss. 246, 253-54, 51 So. 2d 274, 276-77 (1951) (holding that orders of a local authority adopted without adequate notice are void).  We affirm the circuit court's decision finding the 2016 order void for want of notice.

2.   **Jurisdiction of the Board to Alter, Modify, or Repeal Its Prior Orders**

¶15. The next issue presented is whether the Board had jurisdiction to reconsider or rescind its prior decision. We find this issue to be moot because, as explained above, the LeRoses were not given notice of the hearing and the order rescinding the abandonment was void. *See, e.g.*, ***Miss. Power & Light Co. v. Miss. Power Dist.***, 230 Miss. 594, 611, 93 So. 2d 446, 449 (1957).

### 3. Jurisdiction of the Circuit Court

¶16. In its final issue, Tippah County contends that the LeRoses' suit includes a claim for inverse condemnation and thus should have been filed in the special court of eminent domain. This issue was asserted in the trial court only briefly in the County's response to the LeRoses' motion for summary judgment, hardly the proper way to raise this issue before the trial court. In most cases, "[t]his Court . . . will not consider matters raised for the first time on appeal" because it "depriv[es] the trial court of the opportunity to first rule on the issue." ***Fowler v. White***, 85 So. 3d 287, 293 (Miss. 2012) (quoting ***Triplett v. Mayor and Bd. of Aldermen of Vicksburg***, 758 So. 2d 399, 401 (Miss. 2000); ***Alexander v. Daniel***, 904 So. 2d 172, 183 (Miss. 2005)). But challenges to subject-matter jurisdiction can be heard for the first time on appeal. ***City of Jackson v. Allen***, 242 So. 3d 8, 14 (Miss. 2018). Thus, we consider this issue only to the extent Tippah County challenges the subject-matter jurisdiction of the circuit court. But the single case Tippah County cites, ***Delta MK, LLC v. Mississippi Transportation Commission***, 57 So. 3d 1284, 1291 (Miss. 2011), did not hold that the special court of eminent domain had exclusive jurisdiction over inverse-condemnation claims, as Tippah County claims it did. We further observe that circuit courts routinely hear

8

inverse-condemnation claims without challenge to their subject-matter jurisdiction. *See, e.g.*, ***Barham v. Miss. Power Co.***, 266 So. 3d 994 (Miss. 2019) (transferred to chancery court); ***City of Tupelo v. O'Callaghan***, 208 So. 3d 556 (Miss. 2017); ***State v. Murphy***, 202 So. 3d 1243 (Miss. 2016); ***Russell Real Prop. Servs., LLC v. State***, 200 So. 3d 426 (Miss. 2016). Finally, we point out that the Mississippi Constitution of 1890 invests the circuit court with "original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court[.]" Miss. Const. art. 6, § 156. The special court of eminent domain "is 'special' in that it utilizes some procedures peculiarly adapted to actions to determine just compensation for public taking of private property, [but] its powers clearly flow from a particularization of the jurisdiction conferred upon the county and circuit courts of this state." ***Barrett v. State Highway Comm'n***, 385 So. 2d 627, 628 (Miss. 1980) (citing ***Miss. State Highway Comm'n. v. First Methodist Church of Biloxi***, 323 So. 2d 92 (Miss. 1975)).

¶17.　We can find no basis to conclude the circuit court lacked subject-matter jurisdiction over this case.

CONCLUSION

¶18.　We affirm the circuit court's partial grant of summary judgment voiding the 2016 recision of the abandonment of CR 701A.

¶19.　**AFFIRMED AND REMANDED.**

　　　**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND GRIFFIS, JJ., CONCUR.**