**Herman SMITH, Jr.,**
**Plaintiff-Appellant,**

v.

**STURM, RUGER & CO., INC.,**
**Defendant-Appellee.**

No. 74–3271.

United States Court of Appeals,
Ninth Circuit.

Oct. 14, 1975.

Lance C. Parrish (argued), Fairbanks, Alaska, for plaintiff-appellant.

Robert L. Richmond (argued), of Atkinson, Conway, Young, Bell & Gagnon, Anchorage, Alaska, for defendant-appellee.

OPINION

Before DUNIWAY, TRASK and SNEED, Circuit Judges.

PER CURIAM:

This is an appeal from the dismissal of an action by the United States District Court for the District of Alaska for breach of express and implied warranties of merchantability. Jurisdiction in federal court is based upon 28 U.S.C. § 1332 (diversity of citizenship).

■ The plaintiff in the court below was the owner of a pistol manufactured by the defendant. The pistol discharged while holstered, injuring the plaintiff, in May of 1970. In 1973, the plaintiff brought an action in state court alleging (1) breach of express and implied warranties of merchantability and fitness; (2) strict liability; and (3) negligence. The case was removed to the United States District Court where counts 2 and 3 were dismissed as barred by a two year statute of limitations upon tort actions. They are not at issue here. The warranty count, while brought within the applicable statute of limitations (4 years), was dismissed for failure to allege privity of contract. Plaintiff does not dispute the fact that he lacked privity in the action, but nonetheless contends that the district court erred in dismissing his complaint for that reason. He maintains that his action should have been allowed to proceed even without privity. For the reasons set forth below, we affirm the ruling of the district court.

The decision in the court below was based upon A.S. § 45.05.104, which is the Alaska adaptation of U.C.C. § 2–318, Alternative A,[1] and cases interpreting this provision particularly *Anderson v. Fairchild Hiller Corp.*, 358 F.Supp. 976

(D.Alaska 1973), and *Haragan v. Union Oil Co.*, 312 F.Supp. 1392 (D.Alaska 1970). Plaintiff argues that these cases, while indicating that Alaska maintains the traditional requirement of privity in warranty actions, are of little precedential value to the immediate case, primarily because their facts are distinguishable.

Cases from the Alaska Supreme Court itself, however, indicate to us that the trend toward abolition of the privity requirement in warranty actions is nowhere near as clear or evident in that state as plaintiff urges. Plaintiff relies heavily upon *Clary v. Fifth Avenue Chrysler Center, Inc.*, 454 P.2d 244 (Alaska 1969). That case embraced the doctrine of strict liability in tort for the first time in Alaska. Plaintiff reads this case as indicating that "the Alaska court would without reservation hold a manufacturer liable without privity," (Brief for Appellant at 9) regardless of whether that action were based upon warranty or strict liability. We think plaintiff reads this case too broadly.

The appellees in *Clary* asked the court to acknowledge a view of warranty law stripped of its traditional defenses—in essence, the same view plaintiff urges us to adopt here. The Alaska Supreme Court rejected this contention, and in response said:

"Appellees' interpretation of the present status of the law of warranty is based to a large extent on opinion and fails to give proper weight to basic differences in the two theories such as that liability may be stipulated away by contract but cannot be avoided in tort." 454 P.2d at 249.

---

1. Alternative A, adopted in Alaska:

   "A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that the person may use, consume, or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section."

   Plaintiff argues that while he is not within the statutorily defined class entitled to recover for breach of warranty, he is not precluded from

recovery. He points to the official comment to U.C.C. § 2–318, Alternative A as substantiating his contention:

   "The first alternative expressly includes as beneficiaries within its provisions the family, household, and guests of the purchaser. Beyond this, the section in this form is neutral and is not intended to enlarge or restrict the developing case law on whether the seller's warranties, given to his buyer who resells, extend to other persons in the distributive chain."

Further, the court stated in *Clary* that "the doctrine of strict liability in tort . . . affords the most logical, least technical, and most comprehensive coverage with respect to factual situations where it is applicable." 454 P.2d at 248. The Alaska Supreme Court may have felt that abolition of the privity requirement in warranty actions would substantially blur the distinction between warranty and strict liability and thereby frustrate their preference for strict liability actions. Therefore, while *Clary* does indicate a desire on the part of the Alaska Supreme Court to broaden consumer protection under the theory of strict liability, we do not perceive in that case an inclination to abolish the traditional privity requirement in warranty actions.

Nor do we read *Bachner v. Pearson*, 479 P.2d 319 (Alaska 1970), as dramatically as plaintiff. He maintains that that case "prove[s] conclusively that the Alaska Supreme Court feels that a privity requirement has no place in Alaska law" (Brief for Appellant at 9–10). *Bachner* simply extended the doctrine of strict liability announced the year before in *Clary* to cover leases as well as sales. Plaintiff places much emphasis upon the court's statement that "[i]t has long been recognized that the policies governing the law of warranties are not limited to sales transactions." *Bachner, supra*, at 327. In our view, however, this passage should be viewed in the context of the narrow issue which faced the court there—whether to extend the doctrine of strict liability to include bailments as well as sales. We do not read this passage as necessarily indicative of a desire to withdraw the privity requirement altogether in warranty actions. That issue was not before the Alaska court and the court appropriately did not address it.

In short, as appellant acknowledges, the Supreme Court of Alaska has never squarely passed upon the question whether the requirement of privity is no longer necessary in an action based upon warranty. Having clearly adopted the doctrine of strict liability requiring no privity, there is little logical reason to suppose that the cause of action based upon warranty which is still provided by statute would not also carry with it the traditional warranty limitations, one of which is privity.

■ Moreover, our rejection of plaintiff's claim is also based upon certain considerations of policy. Our review in diversity cases is narrowly circumscribed by a settled principle in this circuit that the district court's interpretation of state law will be accepted on review unless shown to be clearly wrong. *Turnbull v. Bonkowski*, 419 F.2d 104 (9th Cir. 1969). This court affords particular deference to the views of a district court in diversity cases where the trial judge has interpreted the law of the state in which he sits. *Hurst v. Dare To Be Great, Inc.*, 474 F.2d 483 (9th Cir. 1973).

Finally, this principle is most compelling where the state supreme court has not yet passed on the issue. As we said in *Klingebiel v. Lockheed Aircraft Corporation*, 494 F.2d 345 (9th Cir. 1974), a case involving interpretation of California law:

"[T]he duty of the federal court is to ascertain and apply the existing California law, not to predict that California may change its law and then to apply the federal court's notion of what that change might or ought to be." 494 F.2d at 346.

■ For this reason alone, plaintiff's appeal must fail, for plaintiff does not argue that the district court judge misapplied the existing law because there is none. Rather, he contends that there is a discernible trend in Alaska law toward "the broadest consumer protection" (Brief for Appellant at 9). He argues that this is "the perfect case for an extension of warranty protection to a limited class of consumers" (Brief for Appellant at 18). We would prefer to allow the Alaska legislature or the Alaska Supreme Court to make that extension.

Judgment affirmed.