[No. 5401–1. Division One. June 12, 1978.]

GINGER LEE JEFFRIES, *Respondent*, v. CLARK'S
RESTAURANT ENTERPRISES, INC., *Appellant*,
HEGG & HEGG SMOKED SALMON, INC.,
*Respondent.*

*Graham & Dunn, Stephen A. Crary,* and *Robert A. Medved,* for appellant.

*Taylor & Ulin, Dale R. Ulin, Williams, Lanza, Kastner & Gibbs, Joel Cunningham,* and *Thomas H. Fain,* for respondents.

FARRIS, C.J.—Ginger Lee Jeffries filed suit against Clark's Restaurant Enterprises, Inc., alleging that she was injured when she swallowed a piece of crab shell while eating a "crab melt" sandwich served her by Clark's. Clark's brought a third–party action against Hegg & Hegg Smoked Salmon, Inc., the supplier of the crab, seeking indemnity for any amount which Jeffries recovered from Clark's. Hegg & Hegg's motion for summary judgment was granted and the third–party complaint was dismissed. The cause proceeded to trial against Clark's and the jury entered a verdict for Jeffries in the amount of $3,021.60 plus costs and interest. Clark's appeals both the judgment in favor of Jeffries and the granting of Hegg & Hegg's motion for summary judgment.

Clark's challenges the trial court's denial of its motions for directed verdict and judgment notwithstanding the verdict on the ground that the evidence was insufficient to take to the trier of fact the question of whether Clark's was negligent. A challenge to the sufficiency of the evidence in the form of either a motion for directed verdict or a motion for judgment notwithstanding the verdict admits, for the purpose of the motion, the truth of the nonmoving party's evidence and all reasonable inferences which can be drawn from it. *Moyer v. Clark,* 75 Wn.2d 800, 803, 454 P.2d 374 (1969); *Rhoades v. DeRosier,* 14 Wn. App. 946, 948, 546

P.2d 930 (1976). Such motions will only be granted where it can be held as a matter of law that there is no competent evidence or inferences to be drawn from it which would sustain a jury verdict in favor of the nonmoving party. *Shelby v. Keck,* 85 Wn.2d 911, 913, 541 P.2d 365 (1975).

 Considering the evidence most favorably to Jeffries, the jury could find that: Clark's sold to Jeffries a "crab melt" open sandwich, which consisted of a toasted English muffin topped with shredded crab meat, melted cheese, and chopped parsley. The sandwich contained a piece of crab shell, 1 inch in diameter, which Jeffries did not see and swallowed. The crab shell lodged in her esophagus and had to be surgically removed, causing the damages of which she complains. Under these facts, there is a jury question as to whether Jeffries should have reasonably expected to find a 1-inch piece of crab shell in the sandwich as served. *See Matthews v. Campbell Soup Co.,* 380 F. Supp. 1061 (S.D. Tex. 1974); *Williams v. Braum Ice Cream Stores, Inc.,* 534 P.2d 700 (Okla. Ct. App. 1974); *Betehia v. Cape Cod Corp.,* 10 Wis. 2d 323, 103 N.W.2d 64 (1960). In so holding, we adopt the "reasonable expectation" test, *see Zabner v. Howard Johnson's, Inc.,* 201 So. 2d 824 (Fla. Dist. Ct. App. 1967), and reject the "foreign versus natural substance" test, *see Mix v. Ingersoll Candy Co.,* 6 Cal. 2d 674, 59 P.2d 144 (1936).

Hegg & Hegg's motion for summary judgment on Clark's third-party complaint was supported by the affidavit of Molly Boll, marketing manager for Alaska-Shell, Inc. Alaska-Shell processed the crab meat in question and sold it to Hegg & Hegg in frozen 5-pound blocks. The affidavit sets out the specifications of the Alaska King Crab Marketing and Quality Control Board for frozen fancy king crab meat blocks such as those sold to Hegg & Hegg. The affidavit quoted the specifications regarding extraneous material in the meat to the effect that:

> There shall not be more than one instance per pound total of any combination of the following defects, but not

limited to any of the following: shell, cartilage, barnacle, pearl, gill, tendon, grit.

In opposition to the motion, Clark's submitted the affidavit of John Burns, purchasing manager for Clark's and overseer of the operations of Seattle Restaurant Food Supply, Inc. Seattle Restaurant Food Supply, Inc., is the purchasing agent for Clark's and was the direct purchaser of the crab from Hegg & Hegg. Burns stated in his affidavit that persons in the industry expect crab meat in the form purchased here to be reasonably fit for consumption by restaurant customers.

■■ We find that the pleadings and affidavits raise genuine issues of material fact which cannot be decided by summary judgment. *See Cofer v. County of Pierce,* 8 Wn. App. 258, 261, 505 P.2d 476 (1973). There was no evidence before the court in the summary judgment motion as to Clark's method of inspecting and preparing the frozen crab meat for consumption in "crab melt" sandwiches and, therefore, no basis for concluding that Clark's was negligent as a matter of law. Issues of fact were also raised as to Hegg & Hegg's alleged breach of implied warranty. A seller in Hegg & Hegg's position impliedly warrants that goods sold are of merchantable quality; that is, that they are fit for the ordinary purpose for which such goods are used. RCW 62A.2–314. The Boll affidavit was apparently intended to show that the crab meat was fit for use by restauranteurs such as Clark's. The Burns' affidavit responded to it. These affidavits, when read in conjunction with the pleadings, raise a genuine issue of fact as to Hegg & Hegg's breach of its implied warranty as a seller.

■ Hegg & Hegg argues that Clark's cannot recover on a warranty theory because Clark's did not give timely notice of breach as required by RCW 62A.2–607(3)(a). What may be considered a reasonable time is usually a mixed question of law and fact to be determined by the trier of fact. *Kasey v. Suburban Gas Heat of Kennewick, Inc.,* 60 Wn.2d 468, 374 P.2d 549 (1962); *Jarstad v. Tacoma Outdoor Recreation, Inc.,* 10 Wn. App. 551, 519 P.2d 278 (1974). Further,

there is nothing in the record which would support a conclusion that, as a matter of law, Clark's did not notify Hegg & Hegg within a reasonable time after discovery of breach.

Hegg & Hegg also contends that Clark's cannot recover on the basis of implied warranty because Clark's and Hegg & Hegg were not in privity. The basis for this contention is that Hegg & Hegg sold the crab to Seattle Restaurant Food Supply and not directly to Clark's. But Clark's, in its third-party complaint, alleged that Seattle Restaurant Food Supply was its agent. This allegation was denied by Hegg & Hegg, thus creating an issue of fact which could not be properly resolved by means of summary judgment.

The judgment in favor of Jeffries is affirmed. The dismissal of the third-party complaint upon summary judgment is reversed and the cause remanded for trial on the indemnity issue.

JAMES and RINGOLD, JJ., concur.