**Robert L. CHANCE, Plaintiff,**

v.

**RICHARDS MANUFACTURING CO., INC., a foreign Corporation, Defendant.**

**No. C–77–320.**

United States District Court, E. D. Washington.

April 30, 1980.

David W. Savage, of Irwin, Friel & My-klebust, Pullman, Wash., for plaintiff.

Michael J. Myers, of Randall & Danskin, Spokane, Wash., for defendant.

## MEMORANDUM DECISION

ROBERT J. McNICHOLS, Chief Judge.

This action for personal injuries comes before the Court on defendant's Motion for Partial Summary Judgment. Plaintiff seeks to recover for injuries which allegedly resulted from the failure of a "Bechtol Total Hip" prosthesis. Plaintiff's complaint raises three theories of recovery: negligence, strict liability and breach of common law and statutory implied warranties. Defendant seeks judgment on the breach of warranty claim on the basis that there is no evidence of a sale of the prosthesis and that the plaintiff is not in privity of contract with the defendant/remote manufacturer.

The motion raises two issues. Does the failure of the plaintiff, at this juncture, to prove a sale preclude recovery for breach of warranty. If it does not preclude the action, is privity a prerequisite to recovery for breach of an implied warranty.

■ The plaintiff by his attorney's affidavit and Statement of Genuine Issues coupled with the defendant's admission that Richard's Manufacturing Co. manufactured and distributed the prosthesis device indicates that there is a genuine issue of material fact as to the existence of a sale of the prosthesis. This issue which can only be resolved by the completion of discovery or at trial precludes a partial summary judgment on the "sale" issue. *Santos v. Scinda*, 598 F.2d 480 (9th Cir. 1979); *Scharf v. United States Attorney General*, 597 F.2d 1240 (9th Cir. 1979); *Armstrong Cork Co. v. Drott Mfg. Co.*, 433 F.Supp. 413 (E.D.Pa. 1977).

As to the "privity" issue, the plaintiff has failed to controvert the defendant's contention that there is no contractual privity between the plaintiff/buyer and the defendant/remote manufacturer. Absent a contradiction or a Statement of Genuine Issues as to the privity question by the plaintiff, this Court assumes that the lack of privity is admitted. LR 13.

Since the parties are deemed to have admitted the lack of privity and since the privity issue may be resolved as a matter of law, the privity issue is ripe for summary judgment. *Smith v. Califano*, 597 F.2d 152, 155 n.4 (9th Cir. 1979).

■ The common law theory of recovery for the breach of an implied warranty without privity is grounded in tort, rather than contract. Since the theory was not dependent on a contract, privity was not a prerequisite to recovery. *Ulmer v. Ford Motor Co.*, 75 Wash.2d 522, 452 P.2d 729 (1969).

Although the cases which supported this theory of recovery were affirmed when the Washington court adopted the theory of strict liability in tort, the terminology of "implied warranty without privity" was expressly discarded by the court. The court adopted the language of strict liability contained in the Restatement (Second) of Torts § 402A. *Id.*

■ The plaintiff's citation to the court's language in *Daughtry v. Jet Aeration Co.,* 91 Wash.2d 704, 592 P.2d 631 (1979), does not support the plaintiff's contention that the common law theory of implied warranty without privity survived the *Ulmer* decision. The language in *Daughtry* was taken from a long line of cases which had their origin in *Mazetti v. Armour & Co.,* 75 Wash. 622, 135 P. 633 (1913). *Mazetti* and its progeny existed under the label of implied warranty without privity. As noted, the *Ulmer* court after a detailed consideration of the underlying case law, the theory, and the shortcomings of the label, affirmed the case law and the theory. However, after noting Dean Prosser's comment that "It is much simpler to regard the liability here stated [implied warranty] as merely one of strict liability in tort," the *Ulmer* court expressly discarded the label of "implied warranty" and adopted the language of § 402A. *Ulmer v. Ford Motor Co.,* 75 Wash.2d 522, 531–32, 452 P.2d 729, 734–35 (1969). Thus, the *Mazetti* line of cases and their rationale were drawn under a new label, strict liability in tort. The concept of a common law implied warranty action without privity as it was known prior to *Ulmer,* no longer exists.

The only other post *Ulmer* case cited by the plaintiff, *Berg v. General Motors Corp.,* 87 Wash.2d 584, 555 P.2d 818 (1976), supports the defendant and not the plaintiff. *Berg* does not stand for the proposition that a remote purchaser may recover in implied warranty. Rather, in dictum the *Berg* court noted:

> Each theory has a historical basis and should have its identification kept intact. 'Privity' as a limitation, only inheres in warranty.

*Berg v. General Motors Corp.,* 87 Wash.2d at 594, 555 P.2d at 823.

The *Berg* court went on to hold that a plaintiff may recover purely economic losses against a remote manufacturer under a negligence theory. The dictum and holding of *Berg* are in concert with the *Ulmer* decision.

Despite the unfortunate and unnecessary language in *Daughtry v. Jet Aeration Co.* and the status of the *Berg* language, the common law theory is still not a viable theory of recovery.

As to the statutory implied warranties, the Washington court, prior to the enactment of the Uniform Commercial Code, has consistently required contractual privity between the plaintiff and defendant. As noted in *Esborg v. Bailey Drug Co.,* 61 Wash.2d 347, 378 P.2d 298 (1963), warranties under the Uniform Sales Act ran between the buyer and the seller. Implied warranties, if any, from the remote manufacturer to the consumer arose from the common law. *Esborg,* 61 Wash.2d at 352, 378 P.2d at 301. Since under the facts of this case the implied warranties under the Uniform Sales Act are essentially the same as those of the Code, the rule of *Esborg* should apply to the privity issue under the implied warranty sections of the Uniform Commercial Code, R.C.W. 62A.2–314 and R.C.W. 62A.2–315.

Although the Washington court has not specifically addressed the issue of whether privity is a prerequisite to recovery under the Code for breach of an implied warranty which results in personal injuries, the Washington court has considered the issue as it relates to purely economic losses. The *Berg* court, in dictum, stated that there are three theories of recovery (warranty, negligence and strict liability) each with their own respective limitations (privity, forseeability and personal or property damage). *Berg v. General Motors Corp.,* 87 Wash.2d at 594, 555 P.2d at 823. The Code was in effect when the *Berg* court stated that privity was a limitation on a warranty theory. Also, the *Daughtry* court expressly held "that contractual privity is a requisite to warranty." *Daughtry v. Jet Aeration Co.,*

91 Wash.2d at 711, 592 P.2d at 634. Although the language in *Berg* is dictum and *Daughtry* is distinguishable to the extent that it deals with economic losses, these two cases remain as the only two Washington Supreme Court cases dealing with the privity issue under the Code.

Plaintiff contends that R.C.W. 62A.2–318 and the Comments thereto are emphatic that the section which expanded horizontal privity is neutral on the question of vertical privity. Official Comment 3 states that:

> [t]he section is neutral and is not intended to enlarge or restrict the developing case law on whether the seller's warranties, given to his buyer who resells, extend to other persons in the distributive chain.

Official Comment 3, R.C.W. 62A.2–318. Under the pre–Code case law, the plaintiff had to establish contractual privity to recover under the implied warranties of the Uniform Sales Act. *Esborg v. Bailey Drug Co., supra.* Any developments in the case law since the enactment of the Uniform Commercial Code have restricted and not enlarged vertical privity. *Daughtry v. Jet Aeration Co., supra; Berg v. General Motors Corp., supra* (dictum). *See also Jefferies v. Clark's Restaurant Enterprises, Inc.,* 20 Wash.App. 428, 580 P.2d 1103 (1978). Absent any perception of a contrary development, this Court will not abolish the traditional privity requirement in implied warranty actions under the Uniform Commercial Code. *Smith v. Sturm, Ruger & Co., Inc.,* 524 F.2d 776 (9th Cir. 1975). Such a development is best left to the Washington Legislature and the Washington Supreme Court.

■■ In light of the pre–Code position of the Washington court, the Official Comments to R.C.W. 62A.2–318, and the restrictive trend of the post–Code case law, this Court is constrained to find that contractual privity is a requirement in Washington for recovery under the implied warranties of the Uniform Commercial Code. In light of the admitted absence of privity, plaintiff is precluded from recovery for breach of an implied warranty.

IT IS ORDERED:

That defendant's Motion for Partial Summary Judgment be and the same is, hereby GRANTED.