**Lee S. DONALDSON, Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

No. 79–4577.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 1981.

Decided Aug. 13, 1981.

Rehearing and Rehearing En Banc
Denied Dec. 11, 1981.

John T. Larimer, John T. Larimer, Inc., Marysville, Cal., for plaintiff-appellant.

William B. Shubb, U. S. Atty., Sacramento, Cal. (argued), for defendant-appellee; Evelyn M. Matteucci, Asst. U. S. Atty., Sacramento, Cal., on brief.

Before TANG and NELSON, Circuit Judges, and CRAIG,* District Judge.

CRAIG, District Judge:

Lee S. Donaldson appeals from an adverse summary judgment granted by the district court in favor of the United States in an action brought by Donaldson pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* Jurisdiction of this appeal is founded upon 28 U.S.C. § 1291.

On August 1, 1971, Donaldson was severely injured in a diving accident at Englebright Reservoir, California, when he swung out over the water on a rope, dived in, and struck either a submerged object or the bottom with his head. His neck was broken, resulting in paralysis from there down.

* Honorable Walter E. Craig, Senior United States District Judge, District of Arizona, sitting by designation.

The accident took place at Point Defiance, a recreation area located at the northeastern end of the reservoir at which the Army Corps of Engineers maintains developed campgrounds, a marina, and boat launching ramps.

The United States filed with the district court a motion for summary judgment, contending that California Civil Code § 846 [1] removed any duty of care that the United States might otherwise have owed Donaldson under the sections of California law made applicable to the case by the Federal Tort Claims Act. The district court initially denied the motion, but upon reconsideration granted it on the basis of *Phillips v. United States*, 590 F.2d 297 (9th Cir. 1979). This appeal followed.

■ The liability of the United States in this case, if any, must be determined in accordance with the law of California, since that is where the alleged negligence occurred. *Richards v. United States*, 369 U.S. 1, 6–8, 82 S.Ct. 585, 589–590, 7 L.Ed.2d 492 (1962).

■ While the district court's interpretation of state law is to be accorded deference upon appeal, it may be disregarded "as clearly erroneous . . . if it is without adequate evidentiary support" or if "it was induced by an erroneous view of the law." *Ritter v. Morton*, 513 F.2d 942, 949 (9th Cir.), *cert. denied sub nom., Ritter v. Kleppe*, 423 U.S. 947, 96 S.Ct. 362, 46 L.Ed.2d 281 (1975).

■ Since the action below was disposed of by summary judgment, the record must be viewed in the light most favorable to Donaldson, the party having opposed the motion. *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962). Summary judgment should be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 467, 82 S.Ct., at 488.

In opposition to the motion for summary judgment, Donaldson contends that the general provisions of California Civil Code § 846 are inapplicable to the United States under these circumstances because of the specific duties imposed upon the United States as the keeper of the reservoir and facilities at Point Defiance by California Health and Safety Code §§ 24000–24004 [2] and §§ 24050–24054. [3] He further argues

---

1. California Civil Code § 846 provides in pertinent part:

   An owner of any estate in real property owes no duty of care to keep the premises safe for entry or use by others for any recreational purpose or to give any warning of hazardous conditions, uses of, structures, or activities on such premises to persons entering for such purpose except as provided in this section.

   . . . [t]his section does not limit the liability which otherwise exists (a) for willful or malicious failure to guard against a dangerous condition, use, structure or activity . . . or (c) to any persons who are expressly invited rather than merely permitted to come upon the premises by the landowner.

2. *California Health and Safety Code §§ 24000–24004* provide:

   § 24000. Resort defined. "Resort," as used in this article, means a resort, bathhouse, or other public place for the purpose of accommodating bathers, bordering upon or adjoining the seacoast or a lake where the public resort for the purpose of bathing in the open sea or lake.

   *§ 24001. Lifeboat.* No person shall own or conduct a resort unless it is equipped with at least one lifeboat.

   *§ 24002. Equipment and repair of lifeboat.* The boat shall be fully equipped with oars, oarlocks, and not less than two life preservers, and 200 feet of rope. It shall be kept in good repair and near the resort.

   *§ 24003. Marking and use of lifeboat.* The boat shall have the word "lifeboat" plainly printed or painted upon it. It shall be used for no purpose other than for saving of life or for other cases of emergency.

   *§ 24004. Violation; misdemeanor; penalty.* Every person who violates any provision in this article is guilty of a misdemeanor punishable by a fine of not less than 10 nor more than two hundred dollars ($200), or by imprisonment for not less than 10 days nor more than six months, or by both.

3. *California Health and Safety Code §§ 24050–24054* provide:

   *§ 24050. Resort defined.* "Resort," as used in this article, means any public bathing or swimming place or resort on a river or stream.

   *§ 24051. Soundings for dangers.* No person shall maintain a resort unless he carefully

that even if California Civil Code § 846 were applicable in this instance, he had been "expressly invited" to use the facilities at Point Defiance and therefore falls within that exception to section 846.

## CALIFORNIA HEALTH AND SAFETY CODE

The uncontroverted facts in this case indicate that the Corps of Engineers contemplated Englebright and Point Defiance as places where the public might bathe and swim, among other activities, even if such recreational use was a secondary or tertiary function of the reservoir.

The California Health and Safety Code contains certain provisions relating to "resort" keepers. These provisions have been placed in issue by Donaldson. Chapter 1, Article 1 includes California Health and Safety Code §§ 24000–24004, which define a "resort" on a *lake* or on the seacoast. Chapter 1, Article 2 includes California Health and Safety Code §§ 24050–24054, which define a "resort" on a *river*.

The duties imposed upon a lake "resort" operator by California Health and Safety Code §§ 24000–24004 relate primarily to the maintenance at the "resort" of an equipped lifeboat.

In its Amended Memorandum and Order of August 21, 1979, the district court held that any failure of the United States to keep a lifeboat at Point Defiance could not possibly have been the proximate cause of Donaldson's injuries, since they were caused in a diving accident rather than a drowning accident. With that there can be no quarrel.

The district court did not, however, determine whether the Englebright Reservoir was a "resort" upon a lake within the scope of California Health and Safety Code §§ 24000–24004 or whether it was a "resort" upon a river within the scope of California Health and Safety Code §§ 24050–24054. Such a determination is important because California Health and Safety Code §§ 24050–24054 impose far more stringent duties upon the keeper of a "resort" upon a river, including sounding for the presence of sunken logs, rocks, and obstructions in the river or stream,[4] and the placement of depth warning signs.[5]

Doubtless non-compliance with these duties could be proximately related to the *diving* injuries that Donaldson suffered.

Since the appeal comes from the issuance of a summary judgment, the record must be viewed in the light most favorable to Donaldson, the party having opposed the motion. Following that principle of procedure, we must infer at this stage that the Englebright Reservoir is still a part of the river that it dams, thus bringing into focus the provisions of California Health and Safety Code §§ 24050–24054 rather than California Health and Safety Code §§ 24000–24004. We draw this inference only because the district court did not decide the question of whether Englebright is part of the river or is a lake. We emphasize that this is an inference required at this point because the appeal comes from a summary judgment and an incomplete record. If, upon remand, the facts proven to the district court are otherwise, a different result might be warranted.

sounds the depth of water and locates the eddies and pools and determines the presence and nature of dangerous currents, sunken logs, rocks, and obstructions in the stream or river.

§ 24502. *Warning signs.* No person shall maintain a resort unless signs indicating in plain letters the depth of water, the location of pools and eddies, and the presence and direction of currents of water are placed and maintained in the water during the season when bathing and swimming are permitted or invited.

§ 24053. *Safety ropes.* No person shall maintain a resort unless safety ropes are stretched wherever necessary to show the line of eddies, pools, sunken obstructions, and other hidden dangers to bathers in the water.

§ 24054. *Violation; misdemeanor.* Every person who violates any provision of this article is guilty of a misdemeanor.

4. California Health and Safety Code § 24052.

5. California Health and Safety Code § 24052.

This inference necessarily leads to the question of whether, as the district court held in its Amended Memorandum and Order, California Civil Code § 846 supercedes in this instance California Health and Safety Code §§ 24050–24054.

### CIVIL CODE SECTION 846

■■ A cardinal rule of statutory construction is that a repeal by implication is disfavored. *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 154, 96 S.Ct. 1989, 1993, 48 L.Ed.2d 540 (1976). Nonetheless, there are "two well-settled categories of repeals by implication" :

"(1) where provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one; and (2) if the later act covers the whole subject of the earlier one and is clearly intended as a substitute, it will operate similarly as a repeal of the earlier act. But, in either case, the intention of the legislature to repeal must be clear and manifest." *Id., quoting Posadas v. National City Bank*, 296 U.S. 497, 503, 56 S.Ct. 349, 352, 80 L.Ed. 351 (1936).

To consider two provisions in "irreconcilable conflict," it must be said that there is a positive repugnancy between them, for " '[w]hen two statutes are capable of co-existence, it is the duty of courts … to regard each as effective.' " *Id.*, at 155, 96 S.Ct., at 1993, *quoting Morton v. Mancari*, 417 U.S. 535, 551, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974). *See also, Grindstone Butte Project v. Kleppe*, 638 F.2d 100, 102–103 (9th Cir. 1981). In other words, " '[r]epeal is to be regarded as implied only if necessary to make the [later enacted law] work, and even then only to the minimum extent necessary.' " *Radzanower*, 426 U.S. at 155, 96 S.Ct. at 1994, *quoting, Silver v. New York Stock Exchange*, 373 U.S. 341, 357, 83 S.Ct. 1246, 1257, 10 L.Ed.2d 389 (1963).

■ It is also basic that where there is no clear legislative intent to the contrary, a specific statute will not be controlled by a general statute, irrespective of priority of enactment. *Morton v. Mancari*, 417 U.S. 535, 550–551, 94 S.Ct. 2474, 2482–2483, 41 L.Ed.2d 290 (1974); *Bulova Watch Co. v. United States*, 365 U.S. 753, 758, 81 S.Ct. 864, 867, 6 L.Ed.2d 72 (1961).

As has been previously noted, there is little legislative history surrounding the enactment of California Civil Code § 846. *Phillips v. United States*, 590 F.2d at 299. What history that does exist is recorded at 38 *California State Bar Journal* 647 (1963). That history does not, however, give sufficient insight as to the intent of the legislature to resolve this conflict. Moreover, California Civil Code § 846 and California Health and Safety Code §§ 24050–24054 do not irreconcilably conflict: Since California Health and Safety Code §§ 24050–24054 apply to only a limited type of recreational area—a river "resort"—these provisions can continue as a minor exception to the general rule set forth in California Civil Code § 846 without shredding the protection of landowners that the latter section was intended by the legislature to forge. At most this leaves a small puncture in a broad shield.

Because of the foregoing traditional rules of statutory construction and the absence of any clear record of legislative intent, the general provisions of California Civil Code § 846 should be interpreted not to have repealed the specific duties of California Health and Safety Code §§ 24050–24054.

■ This means that on remand the district court must determine whether the Englebright Reservoir is a "resort" upon a river or a lake, as those terms are used in the California Health and Safety Code, and, if it is upon a river, whether the United States breached the duties imposed on it as the keeper of the Point Defiance facilities.

The applicability of the California Health and Safety Code makes it unnecessary to decide at this point whether Donaldson had been "expressly invited" to Point Defiance within the meaning of that exception in California Civil Code § 846. Our recent decision of *Simpson v. United States*, 652 F.2d 831 (1981), however, might provide

some guidance if that question requires resolution in subsequent proceedings.

REVERSED AND REMANDED for further proceedings not inconsistent herewith.