704 F.2d 501
 10 Ed. Law Rep. 132
 Roxanna CAMPBELL, William Orr, Alden Kautz, John
Grandbouche, Don Turner, William Johnson and Roy
Peister, Plaintiffs-Appellees,
and
Mountain States Legal Foundation, Plaintiff in Intervention-Appellee,
v.
JOINT DISTRICT 28-J of the Counties of Adams and Arapahoe,
Aurora, Colorado; The City of Aurora, and the following
individuals: Doyle K. Seawright, Douglas A. Johnson, Wm.
Davis, DeWitte C. Gordon, and John G. Stuart, Defendants-Appellants.
 Nos. 81-1701, 81-1702.
 United States Court of Appeals,
Tenth Circuit.
 April 8, 1983.
 
 Bruce W. Sattler, Holland & Hart, Denver, Colo. (Anne J. Castle, Holland & Hart, Denver, Colo., with him on the brief), for defendant-appellant Joint District 28-J.
 Marc F. Colin, Asst. City Atty., Aurora, Colo. (Patrick E. Kowaleski, Aurora, Colo., with him on brief), for defendant-appellant City of Aurora.
 Gale A. Norton, Denver, Colo. (Roger J. Marzulla and David Dominick, William H. Mellor III, Denver, Colo., with her on brief), for plaintiff in intervention-appellee, Mountain States Legal Foundation.
 Roy Peister, pro se (Roxanna Campbell, Denver, Colo., William Orr, Aurora, Colo., Alden Kautz, Littleton, Colo., John Grandbouche, Lakewood, Colo., Don Turner, Denver, Colo., William Johnson, Littleton, Colo., with him on brief), for plaintiffs-appellees.
 Before McWILLIAMS, DOYLE and LOGAN, Circuit Judges.
 WILLIAM E. DOYLE, Circuit Judge.
 
 
 1
 This appeal is from a final order dated May 19, 1981 by the United States District Court for the District of Colorado (summary judgment in favor of the appellees here). The trial court held that defendants' expenditures of public funds in connection with a referendum proposal were unauthorized and unlawful. The court further required reimbursement of those funds through the school districts and cities, from whose treasuries the funds were obtained.
 
 
 2
 This problem came about in the November 1976 election in the State of Colorado. A ballot measure labeled Amendment No. 10 was proposed. This provided:
 
 
 3
 An Amendment Adding a New Section 21 to Article X of the Constitution of the State of Colorado Requiring Registered Elector Approval of All State and Local Executive or Legislative Acts Which Result in New or Increased Taxes.
 
 
 4
 At a meeting of the Board of Education of Joint District 28-J of Adams and Arapahoe Counties a resolution was adopted which authorized certain expenditures and certain in-kind contributions in connection with the campaign having to do with Amendment No. 10. Pursuant to this resolution cash contributions amounting to $300.14 and in-kind contributions valued in the amount of $1,658.04 were made in connection with the Amendment No. 10 campaign.
 
 
 5
 The Amendment which was proposed for adoption, reads as follows:
 
 
 6
 Section 21. Any other provision of this constitution, or of any statute, home rule charter, territorial charter, resolution or ordinance to the contrary notwithstanding, no tax may be instituted, implemented, imposed, restored or increased, by any method, by the state or any political subdivision thereof, without the prior affirmative vote thereon of a majority of the registered electors residing within the jurisdictional boundaries of the taxing authority imposing the tax in question, at a general or special election.
 
 
 7
 For the purposes of this section the term 'tax' shall include any and all devices by which wealth in any form is transferred from persons, natural or artificial, to any level of government of the state or any political subdivision thereof.
 
 
 8
 Any tax legally authorized prior to the effective date of this section shall be valid only to the extent and rates at which it is actually being imposed on the effective date hereof.
 
 
 9
 The intent of this section is to require elector approval of governmental acts which result in new or increased taxes. This section is in all respects self-executing.
 
 
 10
 Each of the plaintiffs herein had signed petitions to place Amendment No. 10 on the ballot. The district court found that each of the plaintiffs had a personal stake in the outcome of the controversy. Mountain States Legal Foundation entered its appearance with the permission of the court and filed a brief. The defendants in the case were local governments and officials, including the appellants Joint District 28-J (Aurora Public School Districts) and the City of Aurora. The individually named defendants-appellants are members of the school boards and city councils.
 
 
 11
 Aurora and the Joint District made cash and in-kind contributions in support of the opposition to the proposed Amendment. These contributions were made pursuant to the adoption of resolutions which authorized certain expenditures and certain in-kind contributions in connection with the campaign regarding proposed Amendment No. 10. The cash contributions consisted of public funds raised through various means of taxation. The in-kind contributions included the time of employees paid from public funds, the use of publicly owned facilities, and the use of materials purchased with public funds.
 
 
 12
 The appellants seek reversal on the basis that the expenditures of public funds by the School District and the City of Aurora in connection with the Amendment No. 10 campaign was statutorily authorized. They point to general statutory grants of authority to support their ability to expend the funds. Appellant Joint District 28-J maintains that broad powers given to school boards by the Colorado statutes imply that a school board may participate in the political process. They maintain that the Colorado Statutes provide that a board of education has the power to provide for the necessary expenses of the board in the exercise of its powers and the performance of its duties. Colo.Rev.Stat. Sec. 22-32-103(1) (1973). The board of education is required by statute to adopt policies and prescribed rules and regulations necessary and proper for the efficient administration of the affairs of the school district. Colo.Rev.Stat. Sec. 22-32-110(1)(n) (1973). Joint District 28-J concludes that these statutes taken together necessarily imply that a board of education of a school board has authority to make expenditures which further the administration of education in their district, including the expenditures made in support of the opposition to proposed Amendment No. 10. The position of the City of Aurora, too, is that these statutes read together, including one which grants power to control finances of the municipal corporation, Colo.Rev.Stat. Sec. 31-15-302(1)(a) (1973), show that the Aurora City Council has the authority to make expenditures which further the operation of city facilities and services, including contributions to further the defeat of proposed Amendment No. 10. Appellants also argue that Colo.Rev.Stat. Sec. 1-45-116(1) (1973), a section of the Colorado Campaign Reform Act, specifically enabled them to make the expenditures in question. The statute reads as follows:
 
 
 13
 1-45-116. State and political subdivisions--limitations on contributions. (1) No agency, department, board, division, bureau, commission, or council of the state or any political subdivision thereof shall make any contribution or contribution in kind in campaigns involving the nomination, retention, or election of any person to any public office. They may, however, make contributions or contributions in kind in campaigns involving only issues in which they have an official concern. In such instances, unless specifically approved by the governing board or legislative body of the political subdivision involved:
 
 
 14
 (a) No public funds or supplies shall be expended or used;
 
 
 15
 (b) No employee or paid officer, other than the candidate, shall work on a campaign during working hours or use any public facility or equipment in a campaign during working hours;
 
 
 16
 (c) No transportation or advertising involving public property or funds shall be provided for the purpose of influencing, directly or indirectly, the passage or defeat of an issue;
 
 
 17
 (d) No employee or officer shall be granted leave from his job or office with the public agency, with pay, to work on a campaign.
 
 
 18
 It is appellants' position that the district court erred in holding that Amendment No. 10 was not a matter of official concern within the meaning of the Colorado Campaign Reform Act, Sec. 1-45-116(1). Appellants argue that a ballot measure which proposes to limit the methods in which taxes may be increased is clearly of official concern to entities which depend upon tax revenues for their operation.
 
 
 19
 It is difficult to see appellants' point that there can be an implied authority to make political contributions and how such contributions can be in accord with the statute quoted above, 1-45-116. After all, this statute is basically a prohibition against agency, department, board division, bureau, commission or council of the state or any political subdivision, making any contribution or contribution in-kind in campaigns involving the nomination, retention, or election of any person to any public office.
 
 
 20
 Nor do we see that the expenditures in question were authorized by the part of the statute which permits the making of contributions in campaigns involving only issues in which an official concern is present. This is a narrow provision which surely did not permit them to make the contributions which were made here. Thus, we agree with the holding of the trial judge that these contributions were contrary to law.
 
 
 21
 A further contention of appellants is that the restriction imposed by the district court on their ability to speak on public issues violated their first amendment rights. It goes without additional authority that this is not any impediment to their exercise of their first amendment rights.
 
 
 22
 The only remaining question is whether the campaign having to do with Amendment No. 10 is one which involved only issues of official concern to the Joint District 28-J and the City of Aurora. We conclude that it was not so limited. The Colorado Legislature in the Campaign Reform Act 1974 has spoken on the issue of entities such as the City of Aurora and Joint District 28-J to make political contributions. We fail to see how we can circumvent this legislative statement by a reading of the general provisions which the appellants cite as giving them the authority to make the expenditures in question. This would render the prohibitions of the Colorado Campaign Reform Act meaningless.
 
 
 23
 Our inquiry must center around a resolution of the issue as presented above, that is when the campaign concerning Amendment No. 10 is one which involved only issues of official concern to the appellants, it must be answered in the negative. This disposes of the case and renders it unnecessary to rule on the constitutional question posed by the appellants.
 
 
 24
 The Colorado Campaign Reform Act provides that political subdivisions such as appellants may make certain campaign contributions only in the campaigns which involve issues in which they have an official concern. Colo.Rev.Stat. Sec. 1-45-116(1). The statute does not contain any definition of official concern. Moreover the Colorado courts have not defined this language. Therefore we must construe the statute as the Supreme Court of Colorado would do if it was faced with similar facts and issues. We bear in mind that the views of the district court interpreting Colorado law carry extraordinary force on appeal when there are no controlling state decisions providing clear precedent. Judge Matsch, the trial judge, in his Memorandum Opinion, and also in his opinion in Mountain States Legal Foundation v. Denver School District No. 1, 459 F.Supp. 357 (D.Colo.1978), has defined official concern in a manner which is well reasoned and mindful of the concerns of the Colorado Legislature in enacting the provision in question and mindful of the concerns of the public. In Mountain States Legal Foundation, supra, it was stated that the characterization of a campaign issue as being of official concern to a school district's board of education has to be determined by reference to the official powers and duties delegated to the General Assembly in the school laws. 459 F.Supp. at 359. The court pursued it by saying:
 
 
 25
 A proposed amendment to the state constitution on a general election ballot is not such a matter [of official concern]. There is no question but that the adoption of the proposed amendment would affect the conduct of the affairs of school districts, together with all other state and local governmental agencies in Colorado.... To consider such a fundamental change [which would result if the amendment was adopted] to be a matter of the official concern of a single unit of government is to distort the relationship of government agencies to the people who are to be served by them.
 
 
 26
 Certainly this reasoning applies with equal force to the City of Aurora. The proposed amendment would have had a profound effect on the functioning of the city government in providing a public service. However, the ballot question was much broader in scope. As is said by the trial court, "[p]assage of the proposal would have resulted in a revolutionary change in the financing and functioning of all governmental activities in Colorado." Campbell v. Arapahoe County School District # 6, 90 F.R.D. 189, 193 (D.Colo.1981).
 
 
 27
 The ultimate issue is, as we have said, narrow. The case finally turns on the issue whether the statute renders every election a matter of official concerns justifying intervention with public money under the statute. Even though the provision in question is not devoid of official concern to the political subdivision, we fail to see that it is entitled to recognize a matter of official concern to the Joint District 28-J or the City of Aurora.
 
 
 28
 In construing Sec. 1-45-116, supra, we agree with the trial court that a matter of official concern is one which at the very least involves questions which come before the officials for an official decision. Here a change in the tax scheme would not cross appellants' desks for approval. Appellants expended public monies and made in-kind contributions in an area which is beyond anything which they could decide in their representative roles. See Campbell, supra. The trial court stated, "[r]eading Sec. 1-45-116 in the manner urged by the defendants would place primary power in the state legislature rather than with the people, in contradiction of the Colorado Constitution." Id.
 
 
 29
 The decision must be affirmed. We have no doubt whatsoever that the expenditures made by appellants did not have to do with matters of official concern. Accordingly, we need not reach the constitutional questions which are raised by the appellants.
 
 
 30
 The judgment of the district court is affirmed.