**Thomas W. CARTER and Mary M.
Carter, Plaintiffs-Appellants,**

v.

**CITY OF SALINA and the Salina City
Council, Defendants-Appellees.**

No. 84–1546.

United States Court of Appeals,
Tenth Circuit.

Sept. 3, 1985.

Peter Grundfossen of Kapaloski, Kinghorn & Peters, Salt Lake City, Utah, for plaintiffs-appellants.

D. Michael Jorgensen, Salina, Utah, for defendants-appellees.

Before BARRETT and SEYMOUR, Circuit Judges, and BALDOCK,* District Judge.

BARRETT, Circuit Judge.

Plaintiffs-Appellants Thomas W. Carter and Mary M. Carter, husband and wife (Carters or Appellants), appeal from the district court's order, following trial to the court on stipulated facts, denying them injunctive relief which, if granted, would have permitted Carters to sell certain property they own in the City of Salina, Utah, for restaurant-commercial purposes in contravention of the terms of a void zoning ordinance. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. A review of the agreed-to facts should aid in focusing on the issue on appeal.

### FACTS

Carters, then and now residents of Pasadena, California, in 1963 purchased real property in City of Salina, Utah (Appellee or City), upon which was situated an old building, previously used as a church and a school. At that time, City was unzoned. In 1973, City purported to adopt a zoning ordinance which zoned the entire City. Under this ordinance, Carters' property was classified as residential. Carters were living in California at that time and did not receive any notice of the zoning. City failed to comply with mandatory notice requirements set forth in Utah Code Ann. § 10–9–5 (1973), thus rendering the 1973 ordinance *void* for failure to comply with procedural due process.

In 1981, Carters, without knowledge of the enactment of the void 1973 zoning ordinance, sought to sell their property in City through a real estate agent who recommended that they list same as commercial in order to attract a higher sales price. It

---

* The Honorable Bobby R. Baldock, United States District Judge for the District of New Mexico, sitting by designation.

was then that Carters learned that the zoning ordinance had been enacted. Carters then applied to the City for a rezoning in order that their property be classified as commercial. In early 1982, a potential purchaser offered Carters $90,000 for their property in City on the condition that it be rezoned from residential to commercial in order that it be used for a restaurant. City denied Carters' application. The offer to purchase Carters' property for $90,000 was withdrawn. This lawsuit followed. Carters sought monetary relief from City and the Salina City Council in amount of $90,-000 with interest at 12% from date of April 5, 1982 (later withdrawn), and an order setting aside the City ordinance adopted in 1973 as void, or, in the alternative, an order requiring City to change the zoning classification of Carters' property from residential to commercial appropriate for a restaurant or similar use.

### District Court's Decision

The court observed that Carters' prayer of relief was opposed by City which argued that the proper remedy would be to provide City with time to re-enact a zoning ordinance, and that the remedy sought by Carters was barred by the doctrines of estoppel and waiver. The Court did not render any findings/conclusions on the issues of estoppel and waiver. This defense is not seriously advanced by City on this appeal and thus shall not be addressed by this court.

The district court, in holding against the Carters, in pertinent part stated:

The Court has carefully considered the arguments and authorities cited by counsel and is convinced that plaintiffs are not entitled to the relief they seek. The record is devoid of any evidence which would justify this court in determining that the proposed use would be in the public interest and enjoining Salina City from interfering with that proposed use. To the contrary, the record indicates that the proposed use was presented to the City Council of Salina City and the use was denied due at least in part to the opposition of city residents and property owners. *See* Plaintiffs' Complaint, Exhibit 2.

The case relied on by plaintiffs does not stand for a different proposition. In *Sinclair* [*Sinclair Pipe Line Company v. Richton Park,* [19 Ill.2d 370] 167 N.E.2d 406 (Ill.1960) ], the court held that a zoning regulation was void as it applied to plaintiff's property and ordered that plaintiff be granted a variance ... *Sinclair* is clearly limited by the decision's recitation of the detailed evidence ... and the court's statement that "it is appropriate for the court to avoid [the difficulties of further litigation] by framing its decree to the record before it, and particularly with reference to the evidence offered at the trial." *Id.* In the present case, detailed evidence was not presented from which this court could determine that the proposed use should be granted. Moreover, the court has serious reservations about the propriety of ordering such a use when the legislative body charged with the determination of such matters has reached an opposite result in an apparent response to public outcry.

... the zoning ordinances of Salina City adopted pursuant to the 1973 published notice are void ... and ... the plaintiffs' request for an injunction permitting the proposed use is denied.

R., Vol. I, pp. 63, 64.

### Appellants' Contentions

On appeal, Carters contend that on this record the district court erred in (1) failing to find that Carters are entitled to sell their property for restaurant purpose as a matter of right, (2) failing to find that City illegally interfered with their right, as landowners, to sell their property when City required a favorable zoning ordinance amendment for landowners, and (3) attempting to determine from the record whether it would be in the public interest for Carters' property in City to be used for restaurant purposes.

**254**

### Discussion and Decision

Carters contend that the issue presented relative to the City zoning ordinance is purely procedural in nature and that, accordingly, the district court erred in analyzing the case in a substantive sense, i.e., whether it would be in the public interest to permit the Carter property to be sold for commercial purposes (a restaurant). In reaching the substantive issue, the district court found that it would not be in the public interest to grant the relief requested by Carters because there was no evidence in support of such use, whereas there was evidence that there existed "public outcry" in opposition thereto. The trial court's findings of fact are not at issue. The challenges posed on appeal relate to the district court's interpretation and/or application of controlling state law. We have held that Fed.R.Civ.P. 52(a) applies under these circumstances. *Loveridge v. Dreagoux*, 678 F.2d 870 (10th Cir.1982); *United States v. Hunt*, 513 F.2d 129 (10th Cir.1975); *Manufacturer's Nat. Bank of Detroit v. Hartmeister*, 411 F.2d 173 (10th Cir.1969). This case, the parties agree, is unique. No Utah law was cited or relied upon by the district court.

■ It is the general rule that zoning ordinances are in derogation of common-law property rights and find their authority through the state police power; accordingly, municipalities and other political subdivisions must scrupulously comply with statutory requirements, including notice and hearing, in order to provide due process of law. *Melville v. Salt Lake County*, 536 P.2d 133 (Utah, 1975); *Tolman v. Salt Lake County*, 20 Utah 2d 310, 437 P.2d 442 (1968); 101A, C.J.S., Zoning and Land Planning, §§ 12, 13; 56 Am.Jur.2d, Municipal Corporations, § 346; 82 Am.Jur.2d, Zoning and Planning, §§ 49, 50, 51; R. Anderson, 1 American Law of Zoning, § 4.11 (2d Ed. 1976); 7 Rohan, Zoning and Land Use Controls, § 50.01(1)(a); Rathkopf, The Law of Zoning and Planning, Vol. I, § 2.02(2); Powell on Real Property, Vol. 6, § 871.6(3) (due process requirements to non-residents relative to zoning notices and procedures);

Annot., 96 A.L.R.2d 449, 455. Ordinances which fail to comply with the state enabling statutes requiring notice and hearing are *void. Melville v. Salt Lake County, supra; Tolman v. Salt Lake County, supra; Theobald v. Board of County Com'rs, Summit County*, 644 P.2d 942 (Colo.1982); *Hallmark Builders and Realty v. City of Gunnison*, 650 P.2d 556 (Colo. 1982); *McIntyre v. Mohave County*, 127 Ariz. 317, 620 P.2d 696 (1980); *Morland Development Co., Inc. v. City of Tulsa*, 596 P.2d 1255 (Okl.1979); *Schoeller v. Board of County Com'rs of Park County*, 568 P.2d 869 (Wyo.1977); *State ex rel. Christian, Spring, Sielbach and Associates v. Miller*, 169 Mont. 242, 545 P.2d 660 (1976). Non-compliance with statutory requirements relating to notices and hearings are procedural defects jurisdictional in nature. Such procedural infirmities cannot be overlooked and the fact that such an ordinance has been "on the books" and in effect for a long period of time does not instill life into an ordinance which was void at its inception. Such an ordinance is of no effect. In *Nesbit v. City of Albuquerque*, 91 N.M. 455, 575 P.2d 1340 (1977) the court held that by failing to follow statutory procedures in the promulgation of zoning ordinances, due process was violated and no subsequent act could correct the defect. *See also Miller v. City of Albuquerque*, 89 N.M. 503, 554 P.2d 665 (1976); *Glaspey & Sons, Inc. v. Conrad*, 83 Wash.2d 707, 521 P.2d 1173 (1974); *Pyramid Corp. v. DeSoto County Board of Supervisors*, 366 F.Supp. 1299 (N.D.Miss.1973); *Bowling Green-Warren County Airport Bd. v. Long*, 364 S.W.2d 167 (Ky.1963) (A void ordinance for want of compliance with requisite statutory requirements as to notice and public hearing entitles the property owners within the alleged zone to use their property as they see fit); *Hart v. Bayless Investment & Trading Company*, 86 Ariz. 379, 346 P.2d 1101 (1960) (the failure to comply with jurisdictional notice and hearing conditions of the Zoning Act rendered the subject zoning ordinances void and did not limit the use of their property by property owners within the alleged zoned area).

In the case at bar, the parties agree that the City's 1973 zoning ordinance was void for failure to comply with mandatory, jurisdictional notice requirements of the Utah statute. It was not until 1981 that the Carters learned of the City's zoning ordinance when they contacted a Salina real estate agent for purpose of sale of their property in City. When the real estate agent recommended that Carters list their property as commercial in order to attract a higher sales price, the Carters agreed. Shortly thereafter, Carters learned for the first time that City had adopted a zoning ordinance in 1973 which classified their property for residential use. Without any knowledge of the legal or factual background of City's ordinance, Carters applied to City for rezoning in order to classify their property as commercial. Carters lost a potential sale of their property in early 1982 for restaurant use, based on a purchase offer of $90,000 that was conditioned on rezoning of their property from residential to commercial. When City rejected Carters' application for rezoning, the potential purchaser withdrew the purchase offer. Carters filed this action on October 8, 1982. City enacted a new zoning ordinance in 1984. The "Stipulated Facts and Proposed Findings of Fact" signed by the court and respective counsel, dated January 16, 1984 (R., Vol. I, pp. 46–49), did not make reference to or rely upon the 1984 zoning ordinance; rather, City relied upon the effectiveness of the 1973 zoning ordinance. In the district court's Memorandum Decision of March 22, 1984, reliance was placed on the proposition that the use of their property as proposed by Carters would not be in the public interest and that Carters were not, in effect, entitled to a variance of use therefrom. Quite obviously, the district court's focus was on the *substantive* aspect of City's 1973 zoning ordinance, i.e., the "proposed use" was denied, at least in part, by "opposition of city residents and property owners" and the court "has serious reservations about the propriety of ordering such a use when the legislative body charged with the determination of such matters has reached an opposite result in

an apparent response to public outcry." (R., Vol. I, pp. 63, 64.) The district court's analysis was, in our view, predicated on the question of whether the 1973 zoning ordinance of City was, as a whole, sound in its method of classification and districting in light of the public health, safety, morals or general welfare and whether the scheme of classification applied fairly and impartially and was not arbitrary, capricious or unreasonable. *See,* 101A C.J.S., Zoning & Land Planning, 538, *et seq.;* 82 Am.Jur.2d, Zoning and Planning, §§ 101, 108; 56 Am. Jur.2d, Municipal Corporations, § 381.

If the zoning ordinance is void for want of the procedural safeguards of notice and hearing, etc., the properties intended to be affected thereby are unzoned and the property owners may proceed with any other lawfully intended use. In such cases, the court is limited to the remedy of declaring the zoning ordinance void and finding that the property owner affected is entitled to use his property for any lawful purpose without regard to the void zoning ordinance. Declaratory judgment actions are used extensively to challenge zoning ordinances both on the ground that the ordinance is unconstitutional in its entirety for failure (as here) to meet the mandatory procedural requisites of notice and hearing and on the ground that the ordinance is invalid, as applied, to specific property.

In *Melville v. Salt Lake County,* 536 P.2d 133, 134 (Utah 1975), the court held that a purported zoning ordinance adopted by the county by use of procedures applicable only to *amendments* of an existing valid zoning ordinance were ineffective to deny the plaintiffs the right to construct upon their property two fourplexes in a approved subdivision the county intended to set aside for recreational use.

 We conclude that the district court erred as a matter of law. Inasmuch as City's 1973 zoning ordinance was void for want of compliance with mandatory notice and hearing requirements, Carters are entitled to injunctive relief against City entitling them to use or sell their property in City for restaurant or similar use. Carters

had a valid real estate sales contract in 1981 whereby they could have sold their property for $90,000 *except* for the impediment of the void zoning ordinance. Even though that sale was lost as a result of City's refusal either to rezone, to grant Carters a variance permit, or to otherwise acknowledge that the 1973 ordinance was void, Carters have never relinquished their intention to use their property in City for restaurant or other similar use. Had the Carters been able to proceed with the sale of their property to be used as a restaurant under the 1981 contract, the property could have remained a restaurant, a nonconforming use, following the enactment by City of a presumably valid zoning ordinance in 1984.

Utah has declared that zoning ordinances do not operate retrospectively against existing non-conforming buildings or uses where vested rights are concerned. *Swenson v. Salt Lake City,* 16 Utah 2d 231, 398 P.2d 879 (1965). In the instant case, we are dealing with unzoned property. City did not enact a presumably valid zoning ordinance until May 7, 1984, subsequent to the district court's decision.

In this case we have a *void* zoning ordinance which frustrated and blocked the sale of Carters' property to Sitters in 1982 to their substantial detriment, i.e., loss of a $90,000 purchase consideration. Thus, the degree of frustration of purpose is significant. The *void* zoning ordinance has imposed great financial hardship upon Carters in loss of sale, costs and attorney fees. Under all of the facts and circumstances of this case, equitable considerations dictate that City be enjoined from interfering with Carters' use of their property in City for restaurant or similar commercial use notwithstanding the presumably valid 1984 City zoning ordinance. City, by invoking the void 1973 zoning ordinance, blocked the 1982 sale; instead of the remedy of restitution which is not available in this case, the fair remedy, in our view, is one of restoration.

The judgment of the district court is REVERSED and the cause is REMANDED with instruction to enjoin City from interfering with Carters' use of their property in City for restaurant or similar use.

SEYMOUR, Circuit Judge, concurring.

While I generally concur in the judgment and analysis in this case, I write separately to indicate my disagreement with the majority's application of Fed.R.Civ.P. 52(a) to our review of the district court's interpretation of state law. At 254. The Ninth Circuit recently analyzed this question exhaustively in *In re McLinn,* 739 F.2d 1395 (9th Cir.1984) (en banc), and decided to accord full independent de novo review to state law determinations by district courts. Although I do not urge that we adopt a new standard without en banc consideration, I believe that application of the clearly erroneous standard of Rule 52(a) is inappropriate and reflects the confusion over this issue within our own circuit. Judge Schroeder acknowledged this confusion in her well-reasoned dissent in *McLinn* and offered some cogent criticisms of the clearly erroneous standard:

"The phrase this Circuit, and to some extent the Tenth Circuit, has used most frequently is that the appellate court will follow the district court's interpretation of state law unless it is 'clearly wrong.' The wording of this formulation is similar to the Rule 52(a) 'clearly erroneous' standard of review of factual findings. This similarity is unfortunate, for it connotes that a district court's decision on a legal issue binds the appellate court just as a district court finding of fact binds the appellate court. In some opinions we have even used the phrase 'clearly wrong' and 'clearly erroneous' interchangeably. *See, e.g., Donaldson v. United States,* 653 F.2d 414, 416 (9th Cir.1981); *Gaines v. Haughton,* 645 F.2d 761, 770 (9th Cir.1981), *cert. denied,* 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982). The result has been a tendency in a few of our decisions to look only to whether plausible support exists for the district court's legal conclusion, thereby according it presumptive validity. *See,*

---

*e.g., Monte Carlo Shirt, Inc. v. Daewoo International (America) Corp.,* 707 F.2d 1054, 1056–57 (9th Cir.1983); *Smith v. Sturm, Ruger & Co.,* 524 F.2d 776, 778 (9th Cir.1975).

Such excessive reliance on the district court has led to criticism of our formulation.

> [T]here is some tendency ... to say that if the trial court has reached a permissible conclusion under state law, the appellate court cannot reverse even if it thinks the state law to be otherwise, thereby treating the question of state law much as if it were a question of fact. The determination of state law, however, is a legal question, and although the considered decision of a district judge experienced in the law of the state naturally commands the respect of an appellate court, a party is entitled to meaningful review of that decision just as he is of any other legal question in the case ....

C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4507, at 107–09 (1982). *See* 1A J. Moore, W. Taggart, A. Vestal & J. Wicker, *Moore's Federal Practice* ¶ 0.309[2], at 3128 n. 28 (2d ed. 1983); Wright, *supra* § 58, at 375–76; Wright & Miller, *supra."*

*McLinn,* 739 F.2d at 1405–06 (Schroeder, J., dissenting).

In addition to the "clearly erroneous" standard, *see, e.g., King v. Horizon Corp.,* 701 F.2d 1313, 1315 (10th Cir.1983), and the "clearly wrong" standard, *see, e.g., Mendoza v. K-Mart, Inc.,* 587 F.2d 1052, 1057 (10th Cir.1978), this circuit has also accorded district court state law determinations "extraordinary force on appeal", *e.g., Campbell v. Joint District 28–J,* 704 F.2d 501, 504 (10th Cir.1983), "extraordinary weight", *Adolph Coors Co. v. A & S Wholesalers, Inc.,* 561 F.2d 807, 816 (10th Cir.1977), "great weight", *e.g., Land v. Roper Corp.,* 531 F.2d 445, 448 (10th Cir. 1976), "substantial weight", *e.g., Glenn Justice Mortgage Co. v. First National Bank,* 592 F.2d 567, 571 (10th Cir.1979), "great deference", *e.g., Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.,* 561 F.2d 202, 204 (10th Cir.1977), "deference", *e.g., Taxpayers for the Animas-La Plata Referendum v. Animas-La Plata Water Conservancy District,* 739 F.2d 1472, 1477 (10th Cir.1984), "some deference", *e.g., Colonial Park Country Club v. Joan of Arc,* 746 F.2d 1425, 1429 (10th Cir.1984), "a degree of deference", *e.g., Obieli v. Campbell Soup Co.,* 623 F.2d 668, 670 (10th Cir.1980), and "at least a modicum of deference", *Cedar v. Daniel International Corp.,* No. 82–2574, slip op. at 5 (10th Cir. April 26, 1983). At best we are inconsistent; at worst, we are confused, and, in my view, this time we are just plain wrong.